**Lawrence GARR, Plaintiff,**

v.

**AMERICAN BOWLING CONGRESS
et al., Defendants.**

**No. 6616.**

United States District Court,
S. D. Ohio, W. D.

July 30, 1971.

Bernard C. Fox, Beckman, Laver-combe, Fox & Weil, Cincinnati, Ohio, for plaintiff.

John W. Beatty, Dinsmore, Shohl, Coates & Deupree, Cincinnati, Ohio, for defendant ABC.

Melvin J. Kessel, Dolle, O'Donnell, Cash, Fee & Hahn, Cincinnati, Ohio, for defendants Hoinke.

## MEMORANDUM OF DECISION AND ORDER

PORTER, District Judge.

■ Plaintiff, Lawrence Garr, filed suit in this Court naming as defendants the American Bowling Congress (ABC), Erwin C. Hoinke, Jr. and Sr., the Detroit Bowling Association, and the Greater Cincinnati Bowling Proprietors Association, alleging that the defendants have conspired to eliminate plaintiff from the business of bowling and seeking injunctive relief and treble damages. The Greater Cincinnati Bowling Proprietors Association was voluntarily dismissed from the case by the plaintiff, and the Greater Detroit Bowling Association was never served with process, has never appeared before this Court, and must also be considered voluntarily dismissed from this action.

Defendants ABC and the Hoinkes have each moved for summary judgment pursuant to Rule 56, F.R.Civ.P. Defendants have submitted affidavits, plaintiff's deposition, Rules of the ABC, and certified copies of the pleadings in the case of Garr v. Hoinke, No. A–219459, Court of Common Pleas of Hamilton County, Ohio, in which summary judgment was granted to the Hoinkes.

■ Plaintiff's opposition to the motions for summary judgment rests largely upon the size of the ABC and its influence in American bowling. Plaintiff has submitted the Constitution, rules, and the annual report of the ABC to support his contention that the ABC has an all-pervasive influence upon bowling in this country. However, mere size does not create an unlawful monopoly. United States v. United States Steel Corp., 251 U.S. 417, 40 S.Ct. 293, 64 L. Ed. 343 (1920); see also United States v. Griffith, 334 U.S. 100, 68 S.Ct. 941, 92 L.Ed. 1236 (1948). We have concluded that the pleadings, affidavits, depositions, and other evidence filed present no factual issues and that defendants are entitled to judgment on their motions.

Defendant ABC is a nonprofit, nonstock, noncommercial, voluntary membership association which is open to all male bowlers. The objectives of the ABC are to standardize rules, qualifications, equipment, and methods of playing the game of American Tenpins, to govern bowlers, leagues, and tournaments within its membership, and to conduct an annual tournament. The ABC has only two salaried officers.

Defendants Erwin Hoinke, Jr., and Erwin Hoinke, Sr., are proprietors of the Hoinke Glenway Bowling Lanes in Cincinnati. Plaintiff bowled in the ABC sanctioned (approved) Hoinke Classic Tournament in 1965 and won third place. Plaintiff never received the prize money, however, due to his suspension from the ABC. Plaintiff was suspended for approximately two years for establishing an average below his ability and thereby gaining an unfair advantage in handicap competition. Plaintiff received a full hearing at the time he was suspended, and he does not and cannot question the suspension at this late date. See Lough v. Varsity Bowl, Inc., 16 Ohio St.2d 153, 243 N.E.2d 61 (1968). As a result of the suspension plaintiff did not receive the prize money won in the Hoinke Classic. Plaintiff brought suit against the Hoinkes to obtain the prize money, but they were granted summary judgment as mentioned above.

■ During the period of his suspension plaintiff was ineligible to compete in ABC sanctioned league and tournament play. Plaintiff alleges that the ABC, through its monopoly power in the industry, has prevented him from engaging in the business of bowling for money while he was suspended, in that an ABC rule, since repealed, forbade members of nonsanctioned leagues from competing in ABC sanctioned leagues and tournaments. We note that the ABC rule in question does not appear to apply

to suspended ABC members such as plaintiff was, but, rather, to persons who were never members of the ABC. In any case, there was nothing to preclude the plaintiff from participation in nonsanctioned *tournaments*. Plaintiff's deposition reveals that the only money plaintiff ever won was in *tournament* competition. Thus, plaintiff has not shown that the ABC rule against participation in nonsanctioned leagues has in any way been detrimental to his "business of bowling." Obviously plaintiff cannot show a definite amount of loss or that he has, in fact, suffered any loss at all. Whether he would have won prize money while he was suspended is wholly speculative. It is possible that the rule attacked here may never have been applied. An affidavit submitted by defendant ABC states that no ABC member was charged with violation of the rule from 1965 to 1969.

■ Plaintiff has submitted no evidence of a conspiracy in restraint of trade. See plaintiff's deposition pages 12, 17–19, 26, and 39. Nor is there any evidence of a power and/or intent to monopolize by the ABC. United States v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). There is no competition between any of the defendants and the plaintiff. United States v. E. I. DuPont, 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956). In fact, plaintiff's occupation is that of electrician. He only bowls in his spare time. He is not a professional bowler. Plaintiff points to the fact that the ABC derives substantial revenue from a tournament it holds, every year, and the publication of a bowling magazine. However, the fact remains that the ABC is a nonprofit, noncommercial organization. Thus, plaintiff has not shown any violation of the antitrust laws, any injury to his business or property, nor a

causal relationship between the alleged violation and the injury. Beegle v. Thomson, 138 F.2d 875 (7 Cir., 1943).

A case very similar to this one is Manok v. Southeast District Bowling Ass'n, 306 F.Supp. 1215 (C.D.Cal., Nov. 3, 1969). In that case the ABC suspended a bowler for entering a handicap tournament under an assumed name. That plaintiff alleged that the ABC conspired with others to restrain trade through unreasonable restrictions upon membership readmittance, and to restrain the plaintiff in the practice of his profession. The District Court found that plaintiff had not demonstrated any violation of the antitrust laws by the ABC and granted ABC's motion for summary judgment.

Plaintiff's strongest antitrust case, STP Corp. v. United States Auto Club, Inc., 286 F.Supp. 146 (S.D.Ind.1968), in which the District Court concluded that USAC was within the reach of the antitrust laws, is readily distinguishable. The plaintiffs in that case were two corporations and an individual officer of one of the corporations, that is, plaintiffs with real business interests. The Court held that although USAC was within the reach of the antitrust laws, the organization had committed no antitrust violation.

We realize that summary procedures must be used sparingly in *complex* antitrust litigation. Poller v. CBS, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). But we have concluded that plaintiff simply does not have an antitrust case.

We find that this case presents no genuine issue of material fact and that defendants ABC and Erwin C. Hoinke, Jr., and Erwin C. Hoinke, Sr., are entitled to summary judgment.

So ordered.