Houck, J.
The plaintiff in error in this court was the defendant in the common pleas court, and the defendant in error here was the plaintiff there.
The material facts necessary for a proper determination of this proceeding in error are as follows: That on the 8th day of April, 1912, Thomas Fluharty, the plaintiff’s decedent, became a member of Zanesville Lodge, No. 867, Loyal Order of Moose; that his dues were fully paid to April 1, 1914, and he was in good standing in the lodge when he took sick on February 2, 1914; that he died on the 13th day of December, 1914, and during his entire sickness was unable to follow his usual or other avocation; that his sickness was not caused by intemperance, immoral or vicious conduct on his part; that on the 3d day of February, 1914, he duly notified said lodge of his sickness, as required by its laws; that a few days thereafter the lodge physician, Dr. D. T. Matthews, as a member of the benefit board of said lodge, examined said Fluharty and made a report to it adverse to the allowance of sick benefits to Fluharty; that Fluharty immediately took an appeal to the lodge from the adverse report of said physician and said benefit board in refusing to allow him such sick benefits; and that the lodge upon such appeal voted on and approved the action of its physician and benefit board and refused to pay Fluharty any sick benefits and duly notified him that it would not do so.
From the date of the notification of the said Fluharty by the lodge that it would not pay him sick benefits he was not away from his house, but was confined there by reason of his said illness until *3 his death. Shortly after the death of Fluharty his wife, Jennie Fluharty, was appointed administratrix of his estate, and on the 11th day of October, 1915, presented a claim of $117 for sick benefits and $100 for funeral benefits to said lodge, which claim was by its secretary referred to the benefit board of said lodge and by the said board refused. An appeal was then taken to the lodge, which approved the action of its benefit board and refused to pay the claim or any part of it. Suit was brought by the administratrix against the lodge, before a justice of the peace, and a judgment was rendered in favor of the plaintiff for the full amount of the claim. The case was appealed to the court of common pleas, trial had to a jury, and a verdict rendered for the plaintiff for the full amount of the claim. Motion for a new trial was overruled and judgment entered on the verdict. Error is now prosecuted to this court seeking a reversal of the judgment below.
The general constitution and laws of the Loyal Order of Moose provide as follows:
“Any beneficiary member, who is and has been in good standing in a subordinate lodge for a period of six months, and who, through sickness or other disability, is unable to follow his usual or other avocation, shall, after the first week of said sickness,, or disability, and during the continuance thereof, receive a sum not less than five dollars and not more than ten dollars per week, for not more than thirteen weeks, provided that such sickness or disability has not originated from the intemperance, immoral or vicious conduct of such a member.
*4 “The benefit board shall receive and carefully consider all reports from the lodge physician or physicians,
“They shall have full power and authority over all matters pertaining to the payment of benefits as provided in the laws of the order.
“It shall be the duty of the benefit board to receive from the lodge physician reports on all sick and disabled members, and they shall determine who are and who are not entitled to such benefits and submit their reports, to the lodge. The report shall state the amount to which they are entitled, and a recommendation that warrants be drawn for the payment of same, subject to the approval of the lodge. If no objections- are filed, the dictator shall direct that warrants be drawn for payment of the benefits recommended.
“When the benefit board shall report to the lodge that an applicant for benefits is not entitled thereto, their decision shall be final unless an' appeal is taken to the lodge.
“At the next regular meeting after the death of a beneficiary member who is not in arrears for dues and who is otherwise in good standing, his lodge shall declare and draw a warrant for such sum as the by-laws of the lodge may provide, which in no case shall be more than one hundred dollars ($100) and apply the same to the payment of funeral expenses.
“No member of the order shall apply to any civic authority in an attempted redress for any alleged wrong or injury arising out of a matter pertaining to the order, until he shall first have exhausted all *5 possible means of redress provided for by the laws of the order.”
The by-laws of Zanesville Lodge, 867, Loyal Order of Moose, provide for the payment of nine dollars per week sick benefits, not to exceed thirteen weeks, and $100 funeral benefits.
Counsel for plaintiff in error insists that the judgment below be reversed for the following reasons:
First. That the civil courts are without jurisdiction in the premises.
Second. That Thomas Fluharty did not in his lifetime prosecute his appeal from the lodge’s refusal to pay his sick benefits through all the tribunals of the order, as required by its laws.
Third. That if it be a fact that the claim as presented by the administratrix of Thomas Fluharty, deceased, was prosecuted through all the necessary tribunals of the Loyal Order of Moose, and the decision was adverse to her, such decision would be final; and ,she would have no right to appeal to the civil courts for redress.
The questions to be determined here are as to whether or not under the constitution and laws of the Loyal Order of Moose, as hereinbefore set out, and the conceded facts in this case, the alleged grounds of error are well taken.
The facts, as disclosed by the record, clearly show that the plaintiff’s claim had been prosecuted through all the tribunals of the order, as provided by its laws, rules and regulations, and that payment of the same had been refused. All of this proceeding was had before action to recover was brought in a civil court;
*6 A member of a fraternal beneficial organization, consisting of a supreme lodge and subordinate lodges governed by a constitution wherein authority is given a member to appeal from any decision made by any officer, committee or benefit board of said organization, wherein the same affects the substantial rights of said member, must pursue the remedy prescribed by the society, and fully exhaust all his rights of appeal, as provided by the constitution and laws of the organization, before resorting to the civil courts for redress. No provision is made in the constitution and by-laws of the Loyal Order of Moose for an appeal to any higher tribunal of the order from the decision of the lodge in its refusal to pay sick benefits to a member. The decision of the benefit board is final, unless an appeal is taken to the lodge, which was done in the case before us, and the lodge affirmed the decision of the benefit board in its refusal to pay sick benefits. Thus it will be seen that all the rights of the decedent to obtain the benefits which he claimed, so far as the laws of the order provided, were fully complied with, and it became necessary to resort to the courts for such redress, if any was to be obtained.
The law is well settled that where one becomes a member of a fraternal organization he is bound to exhaust the remedies provided by the laws of the order, which are not in conflict with the state laws' that provide for such remedies; and until the member has done so he can not seek relief in our courts.
This brings us to the discussion of the question raised by plaintiff in error, as to whether or not it was prejudicial error for the trial judge to refuse *7 to give to the jury before argument the following written request made by plaintiff in error:
“When a member of the Zanesville Lodge, Loyal Order of Moose, claims to be entitled to sick benefits, he must seek his remedy in the first instance in the lodge and the tribunals of the order, and a determination of the matter by such lodge and tribunals in substantial accordance with the laws of the order will be final and conclusive of the right to receive such benefits, and such member can not sue in the civil courts for the recovery of such benefits.”
If this request contains the correct rule of law, then the judgment in this case should be reversed. Is it the law that when a fraternal beneficial society determines that one of its members is not entitled to benefits that its decision is final and conclusive, and that such member can not thereafter resort to the civil courts for the recovery of the same? Most certainly this is not the law.
The request to charge was properly refused. It was too broad, because it would take from the civil courts their right to hear and pass upon the issues raised and to be determined in the case. The law in this respect is laid down by a long line of decisions in our own and other states, the rule being well settled in the case of Myers et al. v. Jenkins, Admr., 63 Ohio St., 101, where the learned judge, speaking for the court, says, at page 120:
“After a right has accrued or an obligation has been incurred a party may waive his rights or refuse and neglect to enforce them, or he may by contract bind himself to submit the matter to arbitration or other special remedy. But a party can not *8 bind himself by contract in advance to renounce his right to appeal to the courts for the redress of wrongs. If this could be done an association might be formed in the state which would renounce our Constitution and laws, and set up a different system of government for themselves, and in case of wrongs and oppression they would be debarred from resorting to our courts, and would be compelled to submit to the decisions of their own tribunals, and would most likely become dissatisfied and disorderly, resulting in riot and bloodshed. The whole state has an interest in all its inhabitants, and it is to its interest that the rights of all should be protected according to the course of jurisprudence it has provided; and for that reason its courts are always open for the redress of wrongs, and no person can by contract in advance, deprive himself of the right to appeal to them.. * * * Contracts may provide for ascertaining and fixing certain matters in a particular manner, But the ultimate adjudication of the questions of law must remain in the courts, unless waived after the rights have accrued, or the obligations have been incurred.”
In the present case, where the ultimate question is as to the right to recover an amount of money, certain facts may be ascertained and determined for the purpose of carrying out the terms and provisions of the constitution and by-laws of the order; but the final determination of the question as to whether or not the plaintiff is entitled to the benefits in dispute may be litigated in the courts, notwithstanding the constitution and by-laws thereof may specifically provide otherwise.
*9 In this case, plaintiff and her decedent having presented the claim now in suit to said Loyal Order of Moose, as provided by its constitution and bylaws, and the same having gone through the course required by its laws, and having been rejected, the plaintiff had a legal right to resort to the courts for the purpose of establishing her claim.
The real basis, and in fact the underlying purpose of a fraternal beneficial organization, such as the Loyal Order of Moose, is not to indemnify or secure- its members against financial loss, but to accumulate and maintain a fund obtained by dues received of its members for beneficial and protective purposes, to be used by it for the purpose of aiding and relieving its members in the misfortune of sickness, injury or death. Thus, in the practical application of • its beneficial objects, a fraternal society must not lose sight of the fact that where one of its members has departed this life, leaving loved ones behind who are the natural objects of his bounty as well as the fraternal subjects of the brotherly love and financial help of the society, as provided by its constitution and laws, it can not escape the duties resting upon it by mere technical defenses. Defenses sound in fact and law must be offered. The undisputed facts in the case at bar show that the decedent and plaintiff below fully and completely complied with all the requirements of the order necessary to entitle the plaintiff below to the relief prayed for in the petition.
We have examined all the alleged errors, as set out in the petition in error, and we find none that would warrant a reviewing court in reversing the *10 judgment in this case as entered in the court below. Therefore the judgment of the common pleas court is affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.