HENSON, APPELLANT, *v.* STINE, APPELLEE.

(No. 3584—Decided June 1, 1943.)

*Mr. G. W. Dilley,* for appellant.
*Mr. Mark F. McChesney,* for appellee.

WASHBURN, J. The motion of the appellee to dismiss for want of jurisdiction is overruled.

This was an equity case, and in such case the time for the filing of a motion for a new trial runs from the date of the judgment. In law cases the time for filing the motion is from the verdict, or, where there is no jury,

from the finding of the court, which is the equivalent of a verdict. There is no such thing as a "verdict" in an equity case, and therefore no such thing as the equivalent of a verdict. Consequently, the written opinion of the trial court in this case, although "filed," was not the date from which the motion for a new trial should have been filed, nor the date from which any other proceedings should have been taken. It is conceded that the motion for a new trial in this case was filed within three days from the entry of judgment, and that the notice of appeal was filed within 20 days after the overruling of the motion. The designation of the appeal was "law and fact."

The case involves a driveway partly on each of two adjoining lots, and two occupants of said lots who, through years of bickering and quarreling, have injured the health of each and developed a state of mind and viewpoint which renders impossible a peaceful settlement of their differences.

We are not called upon to apportion the blame, nor have we the evidence upon which to do so. We are called upon only to determine a question of law upon the particular facts presented in this case.

The Goodyear Heights Realty Company, the owner of a tract of land, subdivided the same into lots and duly filed a plat thereof which contained nothing which has a bearing on the question here presented. The surface of the two adjoining lots involved in this action was some four or five feet higher than the street and walk in front of the lots, and there was no means of access except from said street.

The company built a house on each of the lots, and constructed windows leading to coal bins near the front of the houses and on the side of the lot line between the houses, so that the bins and the entrances thereto from the outside were opposite each other.

Before the houses were fully completed, the company sold the lots to different purchasers, and they moved in at about the same time. Thereafter the company completed the houses, and also excavated, from the street and along the line between the lots and for a practically equal distance on each side of said line, an opening in the bank, so as to afford access from the street to both of the coal bins; and the purchasers used said way partly on each of the lots as a means of access to said bins, and seeded to grass the land between the houses beyond the line of the coal bins.

Later the owners of the lots orally agreed that each should at his own expense construct on his lot along said line between the lots a concrete strip from the coal bins back to the rear of the houses, which they could both use so long as they owned the property, which agreement was performed.

The deeds of the company to said purchasers contained no easement, by grant or reservation, as to either lot, and in none of the deeds to subsequent purchasers of said lots is there any mention made of any right-of-way easement.

Defendant, the owner of one of the lots, proposed to build her own driveway entirely on her own lot from her coal bin to the rear of her house, and to appropriate for her exclusive use her land between said houses along and up to the lot line, which would deprive the plaintiff of the use of the existing driveway from her coal bin to the rear of her house; and this action was brought by the plaintiff to enjoin the defendant from so doing.

In considering the question presented, one should keep in mind that no prescriptive right is claimed, and that it is conceded that there is no express grant of an easement to plaintiff or her predecessors in title, and no basis for a claim of a way of absolute necessity.

It is perhaps well to state some general principles on the subject under consideration.

An easement is an incorporeal hereditament; a right or privilege annexed to the ownership of real property; and, being an interest in real estate, it can be conveyed only as is real estate under our statutes.

The basis of the creation of an easement is a grant or reservation, either express, implied or presumed.

If it is an express grant, its extent and limitation is ascertained by the language of the grant and the circumstances surrounding the transaction; if it is an implied grant, it is limited to that which is found to be clearly intended or fairly presumed to be intended.

In the instant case, the circumstances warrant the conclusion that the company intended to provide a joint way of access to said coal bins over parts of each of the lots, but it does not clearly show an intention to grant or reserve a right-of-way easement in favor of or against the purchaser of either of the lots in the lands between the houses and extending back from the coal bins; and under the circumstances shown we cannot fairly presume that such was the intention of the company.

A decree may be drawn confirming a driveway easement back as far as the windows of the houses which lead to the respective coal bins, and denying an injunction against the defendant from building a driveway entirely on her own lot from her coal bin to the rear of her property.

*Decree accordingly.*

Stevens, P. J., and Doyle, J., concur.