The AMERICAN DRUGGISTS' INSURANCE COMPANY, Plaintiff,

v.

EQUIFAX, INC., Defendant.

No. C–1–79–631.

United States District Court, S. D. Ohio, W. D.

Dec. 12, 1980.

James L. O'Connell, Lindhorst & Dreidame, Cincinnati, Ohio, for plaintiff.

James R. Adams, Frost & Jacobs, Cincinnati, Ohio, for defendant.

## MEMORANDUM

HOGAN, District Judge.

This is a diversity case, sounding in tort and contract. It is before this Court on the defendant's motion for partial summary judgment.[1] The issue is whether an anticipatory release signed by the plaintiff serves to relieve the defendant from liability.

The genuineness of the release is not an issue in this case.[2] It appears to be uncontested that the release in question was signed prior to the alleged acts of Equifax. American Druggists' Insurance Co. (hereinafter ADIC) alleged that Equifax issued an inspection report, for insurance purposes, on the wrong building. In reliance on this report, ADIC issued a policy. The building covered by the policy was destroyed by fire. ADIC paid $12,500.00 on the insurance poli-

cy and expended $1,131.95 for related expenses. ADIC filed suit in the Hamilton County Court of Common Pleas. This cause was removed to federal court under 28 U.S.C. § 1441. The defendant answered the complaint and filed a counterclaim for breach of contract. Equifax now seeks summary judgment on the issue of their liability.

Summary judgments are granted only in cases where the movant can conclusively demonstrate that no genuine issue of fact exists and that movant is entitled to judgment as a matter of law. *See Smith v. Hudson*, 600 F.2d 60 (6th Cir.) *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). This technique should be used sparingly, inasmuch as it deprives a litigant of his day in court, *id.*, but is appropriate to dispose of a case on its merits when there is no genuine issue of fact. *See Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974). For the purposes of summary judgment, this Court must consider all evidence and the inferences therefrom in the light most favorable to ADIC. *See Smith v. Hudson*, 600 F.2d 60 (6th Cir.) *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *see also United States v. Lowell*, 557 F.2d 70 (6th Cir. 1977) and *Bryant v. Kentucky*, 490 F.2d 1273 (6th Cir. 1974).

One threshold issue in any diversity case concerns the applicable state law. *Cf. Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties both contend that Ohio law applies. We agree. Ohio conflict of laws principles are applied in this case to determine the applicable state law. *See Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *McLouth Steel Corp. v. Jewell Coal and Coke Co.*, 570 F.2d 594 (6th Cir.) *cert. dismissed*, 439 U.S.

---

1. The defendant seeks summary judgment on the issue of liability under both the tort and contract counts of the complaint. The validity of the defendant's counterclaim is not in issue at this time.

2. Doc. 10, page 1.

801, 99 S.Ct. 43, 58 L.Ed.2d 94 (1978). In Ohio, the validity of a release is to be determined by the law of the place where it was made and is to be performed; and torts are subject to the rule of lex loci (place of the injury). *McCluskey v. Rob San Services, Inc.*, 443 F.Supp. 65 (S.D.Ohio 1977). Since the contract was signed in Ohio, Ohio law is applicable in determining the validity of the release. While Ohio does not apply the rule of lex loci in a mechanical fashion, *see Jones v. Wittenberg University*, 534 F.2d 1203 (6th Cir. 1976), there is no question here that Ohio law is applicable. The injury occurred in Ohio, the plaintiff resides in Ohio and the suit was filed in Ohio. Under the *Jones* analysis, Ohio's interest in this case makes Ohio law clearly applicable as to the tort claim.

■■■ The release in the case at hand was anticipatory in nature. While not as common as their post-injury cousins, anticipatory releases are neither unusual nor per se void as a matter of public policy. *See Seymour v. New Bremen Speedway, Inc.*, 31 Ohio App.2d 141, 287 N.E.2d 111 (Auglaize Co. 1971); *Hine v. Dayton Speedway Corp.*, 20 Ohio App.2d 185, 252 N.E.2d 648 (Montgomery Co. 1968); *French v. Special Services, Inc.*, 107 Ohio App. 435, 159 N.E.2d 785 (Ashland Co. 1958). ADIC argues that this Court should find the release in the instant case void as a limitation on their right to sue. ADIC relies upon the decision in *Lough v. Varsity Bowl, Inc.*, 14 Ohio App.2d 175, 237 N.E.2d 417 (Montgomery Co. 1967).

In *Lough*, the court held a contract, signed prior to participation in a bowling tournament, as void. That contract provided that all disputes would be determined by the American Bowling Congress, and in signing the plaintiff waived his right to pursue the matter in court. A serious dispute arose and the plaintiff filed suit. It was dismissed for lack of jurisdiction. The Court of Appeals reversed. Judge Kern, writing for that court, stated that the contract was void as it affected the plaintiff's access to the courts. This decision is not a problem. It is distinguishable, but more importantly, it was reversed by the Ohio Supreme Court, 16 Ohio St.2d 153, 243 N.E.2d 61 (1968). In Ohio, an anticipatory release appears to be a valid contract. *Cf. Lough v. Varsity Bowl, Inc.*, 16 Ohio St.2d 153, 243 N.E.2d 61 (1968); *Seymour v. New Bremen Speedway, Inc.*, 31 Ohio App.2d 141, 287 N.E.2d 111 (Auglaize Co. 1971). As such, the release in the case at bar is valid.

■■■ The pertinent contract provisions are set out below.[3] The crucial portion of these provisions is the fourth paragraph. This is the release clause. ADIC maintains that this clause is ambiguous and, therefore, not suitable for summary judgment. *See Home Insurance Co. v. Aetna Casualty and Surety Co.*, 528 F.2d 1388 (2d Cir. 1976). We cannot agree. Ambiguity exists where a contract is susceptible to two or more reasonable interpretations. *See Champale, Inc. v. Joseph S. Pickett & Sons, Inc.*, 599

**3.** The undersigned desiring to use your investigating services and reports at the regular prices established by you agrees that all reports will be submitted and received subject to the following conditions.

All reports, whether oral or written, will be kept strictly confidential: no information from reports will be revealed to the person reported on or to any other person except a person whose duty requires him to pass on the transaction in relation to which the report was ordered. No information will be requested for the use of any other person except with your written permission.
We agree to hold Retail Credit Company and its agents harmless on account of any expense or damage resulting from the publishing by us, our employees or agents, of report information contrary to these conditions.

*Recognizing that information is secured by and through fallible human sources and that for the fee charged you cannot be an insurer of the accuracy of the information, we understand and agree that the accuracy of any information furnished is not guaranteed by you and we release Retail Credit Company and its agents from any loss or expense suffered by us resulting directly or indirectly from reports of Retail Credit Company.*
We understand and agree that this letter constitutes all conditions of service and of reporting, present and future, and applies to all reports made by you and by your affiliated companies. No changes in these conditions may be made except in writing of an officer of Retail Credit Company. (Emphasis added.)

F.2d 857 (8th Cir. 1979); *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir. 1975). The release provision here is plain in its meaning.

ADIC contends, using Mr. Pickrel's affidavit, that they misunderstood the release clause and offer an alternative interpretation. Such parol evidence is incompetent and inadmissible since the release is not ambiguous. *See State ex rel. Goldsberry v. Weir*, 60 Ohio App.2d 149, 395 N.E.2d 901 (Franklin Co. 1978). The purpose of parol evidence cannot be to contradict or vary the terms of the release, but only to show the circumstances under which the release was made. *See Merchant's National Bank v. Cole*, 83 Ohio St. 50, 93 N.E. 465 (1910). Mr. Pickrel's affidavit cannot be considered in interpreting the release clause here.

The effect of the plain meaning of this clause is to destroy ADIC's claim of violation of contractual duty by Equifax. Paragraph four contracts away any duties inherently created by the remainder of the agreement.[4] This Court refuses to strike down the bargained-for exchange the parties chose to enter into. *See Blount v. Smith*, 12 Ohio St.2d 41, 231 N.E.2d 301 (1967).

Paragraph four also serves as an effective defense to any negligence committed by Equifax. ADIC bargained away its right to recover for such negligence, much like the plaintiffs in the auto race cases.[5] It could be argued that the release clause does not cover acts of negligence. While we recognize that this release must be strictly construed against its maker, *see, Hine v. Dayton Speedway Corp.*, 20 Ohio App.2d 185, 252 N.E.2d 648 (Montgomery Co. 1969), the release here involves "any loss or expense suffered by us." Since public policy would preclude a release for will-

ful or wanton misconduct,[6] *cf. French v. Special Services, Inc.*, 107 Ohio App. 435, 159 N.E.2d 785 (Ashland Co. 1958), the release must have been designed to protect Equifax from its own negligence. This is the only reasonable construction of paragraph four. Having contracted away their right to recovery, ADIC cannot now claim redress for the negligent behavior of Equifax.

For these reasons, the motion of Equifax for summary judgment is granted.

---

4. If another prior contract existed, paragraph four provides an affirmative defense against claims under that contract. However, reliance on a separate agreement is not apparent here.

5. *Seymour v. New Bremen Speedway, Inc.*, 31 Ohio App.2d 141, 287 N.E.2d 111 (Auglaize Co. 1971); *Hine v. Dayton Speedway Corp.*, 20 Ohio App.2d 185, 252 N.E.2d 648 (Montgomery Co. 1969); *French v. Special Services, Inc.*, 107 Ohio App. 435, 159 N.E.2d 785 (Ashland Co. 1958).

6. ADIC has not pleaded willful or wanton misconduct, only simple negligence.