961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
S. ROSENTHAL & CO., INC., Plaintiff-Appellant,
v.
HANTSCHO, INC., et al. Defendant-Appellee.
 No. 91-3702.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.[1]
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant S. Rosenthal & Co., Inc. ("Rosenthal") appeals the District Court's grant of summary judgment to Defendants-Appellees Hantscho, Inc. et al. ("Hantscho").[2] Rosenthal claims in this diversity action for breach of contract that the District Court erred in concluding that the settlement agreement which these parties had entered did not require that Defendants cure the alleged defects in a commercial press. Rosenthal also claims that the settlement agreement was ambiguous, requiring receipt of extrinsic evidence concerning the understanding reached by the parties to resolve Plaintiff's complaints. As there is no dispute of fact as to the plain terms of the settlement agreement or whether those terms were met, we affirm the summary judgment entered by the Honorable S. Arthur Spiegel, District Judge.
 
 
 2
 On December 10, 1987, Rosenthal executed a contract to purchase a Mark 20 commercial printing press from Hantscho which included the following terms, here pertinent:.
 
 
 3
 7. WARRANTY: ... Seller further warrants the new machinery manufactured by Seller and received under its supervision against defects in material and workmanship at the date of shipment.
 
 
 4
 .............................................................
 
 
 5
 ...................
 
 
 6
 * * *
 
 
 7
 9. REMEDY: In the event of any nonconformity in the above warranty within the warranty term, Purchaser shall be entitled to, at Seller's option and expense: (a) the repair and replacement of part or parts not so conforming to the warranty....
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 The above shall constitute the exclusive remedy of Purchaser and Seller's sole responsibility and liability to Purchaser under this Agreement.
 
 
 12
 The press failed to perform to Rosenthal's satisfaction and lengthy dealings and correspondence between the parties ensued. The parties resolved their differences in January of 1990 with a letter of settlement drafted by Hantscho and signed by its general manager and countersigned by Rosenthal's chairman.
 
 
 13
 The letter provided that Hantscho would provide Rosenthal approximately one million dollars in price adjustments, and would "support this press as we would support any other Hantscho press in the field." Moreover, it further stated:
 
 
 14
 This settlement is in satisfaction, release and discharge of all claims, obligations, and liabilities by each party to the other, with the following two exceptions:
 
 
 15
 1. Hantscho will repair or replace parts due to defects in material and or (sic) workmanship through July 5, 1990.
 
 
 16
 2. If in the mutual opinion of Hantscho and Rosenthal, a part fails due to a design flaw, prior to July 5, 1991, Hantscho will repair or replace said part.
 
 
 17
 The letter concludes with the statement that "I believe this covers all aspects of our agreement." It was thereafter accepted and executed by Rosenthal's chairman as approved.
 
 
 18
 Rosenthal filed this suit in March of 1991, complaining of Hantscho's breach of the original contract's express and implied warranties, negligence, and requesting rescission of the original purchase contract. Hantscho sought the summary judgment which has been granted below on the grounds that the release of the settlement agreement operated as a bar to the lawsuit on the contract.
 
 
 19
 At issue is the extent of Hantscho's obligation under the settlement agreement. Rosenthal contends that Hantscho remained required, as it had been by the original contract, to remedy the failure of the machine to operate at full capacity. Hantscho, however, claims that the settlement agreement for which it paid one million dollars only required, by its plain language, that Hantscho repair and replace parts for a definite time duration and support the machine, as stated, and that it met those terms.
 
 
 20
 Rosenthal concedes that Hantscho performed the stated services through the dates required by the letter of the agreement, but argues that a question of fact has been raised as to whether the settlement agreement was breached because, with the interpretive assistance of extrinsic evidence as to conversations between the parties prior to execution of their written agreement, it can establish that the settlement agreement was essentially no narrower than the warranties of the original contract.
 
 
 21
 The settlement agreement plainly did not incorporate the warranties which had been part of the original purchase contract. Nor did it incorporate any other terms not plainly stated. The District Court further found that the last paragraph of the agreement constituted an integration clause, and that there was "absolutely no dispute that the defendants fully satisfied their obligations as set forth in ... the letter agreement."
 
 
 22
 Extrinsic evidence may be received to interpret such a contract only if it is ambiguous. Ambiguity exists where a contract can be subject to two or more reasonable interpretations. American Druggists' Ins. Co. v. Equifax, Inc., 505 F.Supp. 66, 68 (S.D.Ohio 1980) (applying Ohio law). The release provision here is plain on its face. In the absence of an ambiguity, the parole evidence rule prohibits the introduction of extrinsic evidence to vary the terms of an agreement, and it must be applied as written and signed. See Llewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212 (6th Cir.1989) (applying Ohio law); see also American Druggists', supra, at 69. The plain meaning of the settlement agreement releases Hantscho from Rosenthal's claims of violations of any previous or expanded contractual duty.
 
 
 23
 The settlement agreement effected an accord and satisfaction of the original purchase agreement. Accord and satisfaction occurs where there is a contract between two parties for settlement of a claim by some performance other than that which was previously due. AFC Interiors v. DiCello, 46 Ohio St.3d 1, 544 N.E.2d 869, 870 (1989). It is, as the District Court found, undisputed in the record that Hantscho performed the tasks stated as required by the settlement agreement.
 
 
 24
 Finally, the District Court properly refused to consider contentions that the press had not been properly supported, which had never been raised until hearings on summary judgment. The Seventh Circuit has correctly stated that " 'a trial judge may properly depend upon counsel to apprise him of the issues for decision. He is not obligated to conduct a search for other issues....' " Libertyville Datsun Sales, Inc. v. Nissan Motor Corp., 776 F.2d 735, 737 (7th Cir.1985). Hantscho's support of the press was not properly raised in the District Court.
 
 
 25
 Nor will this Court will consider claims which are presented for the first time on appeal. This Court does not consider contentions not properly raised below. Val-Land Farms, Inc. v. Third Nat'l Bank in Knoxville, 937 F.2d 1110, 1114 (6th Cir.1991). Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-44 (6th Cir.1991) cites a long line of Sixth Circuit cases which stand for this principle.
 
 
 26
 In Taft, supra, this Court noted the limited situations in which this Circuit has ruled on issues not presented to the District Court. They include the implication of a significant liberty interest or a necessity to "prevent manifest injustice and to promote procedural efficiency" or when "[t]he issue raised is purely one of law requiring no new or amplified factual determination." Id. at 244. (Citation omitted). The circumstances of this case fall within none of the above exceptions. Moreover, even the new argument that the settlement itself was breached returns us full circle to the argument that the obligation of the settlement was to bring the machine up to original specifications.
 
 
 27
 The claimed issues of fact, which Plaintiff contends require a trial, continue to revolve around interpretation of the agreement, despite Plaintiff's arguments here to the contrary. Plaintiff argues that further discovery was necessary as to whether Defendant failed to support the Mark 20 as it did other presses in the field, and Plaintiff points to the motion to compel discovery which it had filed in the District Court, and to the response it had filed to Defendant's summary judgment motion, pursuant to Federal Rule 56(f), as supporting that argument. It is noteworthy, however, that Plaintiff's motion to compel had requested evidence relevant only to interpretation of the parties' agreement, and not to any question concerning subsequent support of the press in the field. The District Court also noted that Plaintiff had claimed a need for additional discovery which "concern[ed] the design defects that Defendants have determined to exist in the Mark 20 and the basis for the Defendants' decision to discontinue production of the Mark 20 after the sole sale to Rosenthal." Similarly, Plaintiff's memoranda in support of the motion to compel argue that the necessary discovery related to Hantscho's representations to Rosenthal, repairs and replacements of parts, the meeting of the minds of the parties, and fraudulent inducement of the settlement agreement. The question of support in the field was not raised.
 
 
 28
 Fed.R.Civ.P. 56(f) states that summary judgment is not proper where outstanding discovery seeks information within defendants' possession or knowledge that is relevant to the issues to be resolved on the motion. Glen Eden Hospital, Inc. v. Blue Cross & Blue Shield, Inc., 740 F.2d 423, 427 (6th Cir.1984). Summary judgment here, however, was granted on the basis of an unambiguous settlement agreement, requiring no interpretation, which operated as an accord and satisfaction. The Court below correctly held that the discovery which Plaintiff sought was immaterial.
 
 
 29
 Further, the 8th Circuit has appropriately noted that:
 
 
 30
 Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and ... rebut the movant's showing of the absence of a genuine issue of fact.
 
 
 31
 Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297, (1975), cert. denied, 424 U.S. 915 (1976).
 
 
 32
 "[I[t is well established that the scope of discovery is within the sound discretion of the trial court." Criss v. City of Kent, 867 F.2d 259, 261 (6th Cir.1988) ( quoting Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.), cert. denied, 454 U.S. 893 (1981). A trial court has abused its discretion only when the reviewing appellate court is left with "a definite and firm conviction that the court below committed a clear error of judgment." Id. We cannot say that the district court's refusal to compel additional discovery before deciding this motion was an abuse of discretion.
 
 
 33
 Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 34
 We examine the grant of summary judgment to determine "whether the evidence presents a sufficient disagreement to require submission to a [finder of fact] or whether it is so one-sided that one party must prevail as a matter of law." Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir.1989) [citation omitted].
 
 
 35
 The language of the settlement agreement is, as the District Court found, unambiguous. It was undisputed that the promises of its plain language were met. Substantial consideration was given by the manufacturer for relief from the specifications of the original contract, and the settlement included among its terms the statement that it was in satisfaction and release of all claims.
 
 
 36
 The judgment of the District Court is, therefore, AFFIRMED.
 
 
 
 [1]
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 Defendant-Appellee Hantscho, Inc. ceased to exist in 1987. Defendant-Appellee Hantscho Commercial Products, Inc. is an indirect subsidiary of Defendant-Appellee Rockwell International Corporation