JOURNAL ENTRY AND OPINION
{¶ 1} On December 14, 2006, petitioner Debra Persinger filed a writ of mandamus against the State of Ohio. In her petition, she asks this court to vacate her sentence in State v. Persinger, Cuyahoga County Court of Common Pleas, Case No. CR-463529, and remand the matter for resentencing. On January 3, 2007, the Cuyahoga County Prosecutor's office filed a motion to dismiss. For the following reasons, we grant the motion to dismiss.
 {¶ 2} Initially, we find that Persinger's complaint for a writ of mandamus is defective because it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Persinger's failure to properly caption the complaint warrants dismissal. Maloney v. Court of Common Pleas ofAllen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. JudgeCleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} We also find that Persinger failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint be supported by an affidavit which specifies the details of the claim. The failure to comply with the supporting affidavit provision of Loc.App.R. 45(B)(1)(a) further requires dismissal of the complaint for a writ of mandamus.State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 4} We furthermore find that Persinger failed to comply with R.C.2969.25 which mandates that she attach an affidavit to her complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of Persinger's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; State ex rel. Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 5} Despite the aforesaid procedural defects, Persinger failed to establish that she is entitled to a writ of mandamus. The requisites for mandamus are well established: 1) the relator must have a clear legal right to the requested relief, 2) the respondent must have a clear legal duty to perform the requested relief, and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel.Cannole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850.
 {¶ 6} In this matter, a review of the docket indicates that Persinger did not appeal her conviction. Thus she possesses an adequate remedy at law by filing a delayed appeal with this court.[1] State ex rel.Gadsen v. Lioi, Judge, 93 Ohio St.3d 574, 2001-Ohio-1611,757 N.E.2d 355; Grundstein v. Judge Carroll, Cuyahoga App. No. 83885,2004-Ohio-2346.
 {¶ 7} Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] Persinger filed a motion for delayed appeal with this court on November 27, 2006.