[Cite as *State ex rel. Litwinowicz v. Euclid*, 2014-Ohio-2986.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101008

---

# STATE EX REL.
# CHRISTOPHER MICHAEL LITWINOWICZ

### RELATOR

vs.

# CITY OF EUCLID

### RESPONDENT

---

## JUDGMENT:
### WRIT DISMISSED

---

Writ of Mandamus
Motion No. 472918
Order No. 475044

**RELEASE DATE:** July 1, 2014

**FOR RELATOR**

Christopher Michael Litwinowicz, pro se
21970 Morris Avenue
Euclid, Ohio 44123

**ATTORNEY FOR RESPONDENT**

Christopher L. Frey
Euclid Department of Law
585 East 222nd Street
Euclid, Ohio 44123

KENNETH A. ROCCO, J.:

{¶1} Christopher Michael Litwinowicz ("Litwinowicz") filed a pleading styled "writ of mandamus" against the city of Euclid.[1] Litwinowicz's pleading contains a complaint that the city of Euclid violated the law "by veto" regarding a "48 part initivitive [sic] petition" that Litwinowicz allegedly filed on February 15, 2013 with the "City Auditor of the City of Euclid." He appears to be seeking a writ of mandamus ordering the city of Euclid to file or transmit "all 48 part inititive [sic] petition's to the Cuyahoga County Board of Elections." The City of Euclid has filed a motion to dismiss. Litwinowicz filed a motion objecting to dismissal and, on the same day, filed an affidavit containing averments that are identical to the statements in his motion objecting to the motion to dismiss. Litwinowicz has also filed a "motion for default judgment/writ of mandamus order." For the following reasons, the City's motion to dismiss is granted.

{¶2} The pleading has multiple defects. First, it is improperly captioned. Litwinowicz styled this filing as "Christopher Michael Litwinowicz v. City of Euclid." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." The failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the

---

[1]The body of the pleading indicates it was filed "pro se * * *, through legal counsel." A review of the pleadings indicates that Litwinowicz is acting pro se and that no attorney has entered an appearance on his behalf in this action.

petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962); *Persinger v. State*, 8th Dist. Cuyahoga No. 89149, 2007-Ohio-67, ¶ 2.

**{¶3}** Additionally, Litwinowicz failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). The failure to comply with the supporting affidavit provision of Loc.App.R. 45(B)(1)(a) further requires dismissal of the action. *State ex rel Leon v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 92826, 2009-Ohio-1612, *aff'd*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402.

**{¶4}** In addition to being procedurally defective, the City argues that the complaint failed to meet the requirements for mandamus.

**{¶5}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus,* 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). A writ of mandamus should not be issued in doubtful cases. *State ex rel. Goldsberry v. Weir*, 60 Ohio App.2d 149, 395 N.E.2d 901 (10th Dist.1978).

**{¶6}** The City primarily argues that Litwinowicz has or had an adequate remedy at law through an appeal.

**{¶7}** Litwinowicz filed a complaint against the City of Euclid in the Cuyahoga County Court of Common Pleas, case number CV-13-802979 and appealed the trial court's order in that case, which granted the City's motion for summary judgment on his

claims. *Litwinowicz v. Euclid,* 8th Dist. Cuyahoga No. 100644 (Feb. 21, 2014). The City asserts that "the subject matter of the direct appeal in CA-13-100644 is identical to the issue raised in the complaint for writ of mandamus." Litwinowicz has not addressed or disputed the City's argument that the appeal provided him with an adequate remedy at law and, as such, precludes the issuance of a writ. "An adequate remedy by appeal precludes the writ of mandamus. The opportunity to exercise an adequate remedy, even if it is not properly exercised, also precludes mandamus." *State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 99027, 2013-Ohio-592, ¶ 10. Because Litwinowicz did not dispute that the appeal provided him with an adequate remedy at law, at least one of the requisites for mandamus has not been satisfied. In addition, it is questionable whether Litwinowicz even sufficiently articulated or established a clear legal right or a clear legal duty enforceable in mandamus. The complaint fails to state a claim upon which relief could be granted. Civ.R. 12(B)(6).

{¶8} For all of these reasons, the motion to dismiss is granted and the complaint for a writ of mandamus is dismissed. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date

of entry upon the journal as required by Civ.R. 58(B).

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR