**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3659
_____

UNITED STATES OF AMERICA,

v.

MATTHEW NABER,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-04-cr-00173-001)
District Judge: Hon. Susan D. Wigenton

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2020

Before: McKEE, BIBAS and COWEN, *Circuit Judges*

(Opinion Filed:  July 17, 2020)
_____

OPINION∗
_____

---

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Appellant Matthew Naber was eligible for, but did not receive, a sentencing reduction from the district court under the First Step Act.[1] He appeals on the grounds that the district court failed to adequately support its discretionary denial of a downward reduction. While we agree a more thorough explanation would have been beneficial, we find ample support in the record for the district court's decision to deny relief. Thus, we will affirm.[2]

## I.

We review a district court's decision whether to grant a reduction in sentence for abuse of discretion.[3] That deferential standard is easily satisfied in this case. Because we write primarily for the parties, who are well familiar with the facts, we do not repeat them at length here. Naber was arrested for drug distribution while on probation for a previous significant drug offense.[4] Because of his past convictions, the nature of his present offense, and as part of an explicit effort to deter his future recidivism, the district court imposed the statutory maximum 60-month sentence.[5] We affirmed that sentence.[6] Naber

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.
[2] The district court had subject matter jurisdiction in this criminal case over the Appellant's motion for a sentence reduction under the First Step Act through 18 U.S.C. § 3582(c)(1)(B). We have jurisdiction over this subsequent appeal under 28 U.S.C. § 1291.
[3] *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017) *as amended* (May 1, 2017).
[4] App. 40-44.
[5] App. 59-63.
[6] *United States v. Naber*, 737 Fed. App'x 81 (3d Cir. 2018).

later sought a reduction under the First Step Act, which permits district courts to correct excessive sentences imposed on crack cocaine offenders under 21 U.S.C. § 841(b)(1)(A).[7] The district court declined to afford Naber that opportunity, and "having read all the submissions from the parties and for the reasons set forth on the record[,]" denied his motion.[8]

Naber argues that this terse order fails to explain the court's rationale, or even whether it indeed found him eligible for a reduction but chose to deny relief. He urges that this violates the requirement that "the judge 'must adequately explain the chosen sentence to allow for meaningful appellate review.'"[9] We share his concern for a sufficiently developed rationale, and no one could doubt the district court could have bolstered its explanation for denying relief here. The government tacitly admits as much, analogizing this language to the "barebones" order the Supreme Court found appropriate in the context of a simple case in *Chavez-Meza*.[10] There, a form order was sufficient because "there was not much else for the judge to say."[11] Here, the government effectively conceded Naber's eligibility under the First Step Act, making the decision on that point a foregone conclusion. Given Naber's history of recidivism, the violent nature of some of his offenses, and his lagging efforts at rehabilitation in prison, each of which the court had carefully considered in imposing the original sentence, the reasons for the

---

[7] First Step Act § 404(b), 132 Stat. at 5222.
[8] App. 3.
[9] *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).
[10] *Id.* at 1967-68.
[11] *Id.* at 1967.

court's denial are plainly evident in the record. We therefore cannot find that the court abused its discretion in failing to provide a more complete explanation in this particular situation.

## II.

For the reasons stated above, we will affirm the order of the district court.