HENNEKES, APPELLEE, *v.* MAUPIN ET AL., APPELLANTS.
(Two cases.)*

---

*Motions to certify the records overruled (38353 and 38354), December 18, 1963. Appeals dismissed, 175 Ohio St., 380.

(Nos. 9240 and 9241—Decided May 14, 1963.)

*Messrs. Goodman & Goodman,* for appellee.
*Mr. Robert A. Wilson,* for appellants.

YOUNGER, J.   The lengthy petition filed in the Hamilton County Court of Common Pleas can be summarized by stating that it is brought by the plaintiff individually and as president and a member of Lodge No. 105 of International Brotherhood of Boilermakers, etc., against Maupin, Business Manager of Local Lodge 105, Jones, Chairman of the Executive Council Trial Committee of the International, and Grant, International Vice President of the International; the last two defendants being residents of Kansas City, Kansas.   The petition alleges that plaintiff is president of such local, having been duly elected in 1960 for a term of three years; that such local was granted a charter by the International in 1899 and it was renewed in 1955; that the defendant Maupin has usurped the duties of the officers and interfered with plaintiff as president and without the knowledge or approval of the officers has retained his brother as assistant business manager for a short period; that Maupin obtained the intervention of the President of the International and had a trustee and temporary supervisor appointed, which appointment was terminated about a month before the petition was filed; that Maupin placed pretended charges against the plaintiff; that Maupin initiated such charges through the defendant Grant, and that the President of the International designated the defendant Jones to conduct a hearing and trial on such pretended charges; that such charges are improper, unfounded, illegal and contrary to the constitution of the International; that Maupin, as business manager, notified the members of the local that the International Executive Council in session July 13-18, 1961, adopted a motion transferring the local from Cincinnati to Chillicothe, contrary to the provisions of the constitution; that Maupin called the next regular meeting of the

local for Chillicothe on August 18, 1961, being a usurpation of a power and right he does not possess and an ousting of plaintiff and an interference with the local; that such acts constitute interference with the autonomy and rights of the members of the Local and of the plaintiff as president; that, by reason of the invasion and unlawful action, plaintiff and other members of the Local have been injured in the sum of $500,000; that plaintiff is fearful that unless the court intervenes he will be subjected to discriminating treatment with respect to work assignments; and that unless restrained the defendants will remove books, papers, records, monies and funds of the local from the jurisdiction of the court and will remove plaintiff as president to the irreparable damage, loss and injury of plaintiff and other members, who are without adequate relief except in a court of equity.

The prayer of the petition is that a temporary restraining order issue enjoining the defendants from engaging in such unlawful conduct, restraining them from removing from the jurisdiction or the local offices any books, documents, papers, monies, etc., and restraining the defendants from changing the jurisdiction or location of the local; that the defendants be restrained from interfering with the autonomy of the local either through a pretended trial whereby it is sought to remove plaintiff as president or by any act interfering with plaintiff and other duly elected officers in carrying on the business of the local; that an accounting may be had to determine the damages sustained; that plaintiff may have such further relief as is agreeable to equity and good conscience; and that upon final hearing the temporary restraining order be made permanent.

Upon the filing of this petition on August 18, 1961, one of the Judges of the Common Pleas Court issued a temporary order as prayed for, a bond was set at $100 and a notation made reading ''hearing on motion to dissolve may be had at any time.'' A demurrer to the petition was overruled.

After further proceedings, the case was heard and the trial court entered a decree (case No. 9240) which may be summarized as follows: That plaintiff is president of the local and this action was instituted by him as an individual only; that International lacked the power or authority to move or order the removal of the office from Cincinnati to Chillicothe; that the at-

tempted trial of the plaintiff (which was held in spite of the temporary restraining order) under the provisions of the old constitution which had been repealed and the attempt to apply the procedures in the new constitution were contrary to law, void and of no effect; that the three members of the trial panel did not sit as an unbiased and unprejudiced tribunal; that this action is not a class action—and therefore on the question of damages the court found for the defendants; that, although the court is without authority to declare by judgment and decree the decisions of the Executive Council of the International null and void, the court found for the purposes of the suit that such decision is null and void so far as it affects the rights of the plaintiff as a member and president of the local union; that the decision of the executive council and the trial of the plaintiff were null and void; that plaintiff was not removed as president but he is still the duly elected and acting president of the local; and that all meetings and activities conducted at Chillicothe were not official meetings or activities of the local, but the meetings held in Cincinnati were official meetings of the local.

The court ordered and decreed that the defendant Maupin had no right or authority by virtue of any directions or orders of the President of the International to remove the offices from Cincinnati to Chillicothe or to interfere with plaintiff as president and issued a mandatory injunction requiring and compelling the defendant Maupin to return to the Cincinnati office any and all official papers, documents, etc., removed to Chillicothe and enjoined him from conducting the office at Chillicothe, and permanently enjoined the defendant Jones and the defendant Grant from interfering with the plaintiff as president.

The court further found the defendant Maupin in contempt of court (case No. 9241) for moving the offices of the local to Chillicothe, and imposed a fine of $500, and found that the defendants Jones and Grant violated the temporary restraining order and imposed a fine of $100 on each.

At a preliminary hearing on this matter held before the resident members of this court it was determined that this case was appealable on questions of law and fact, but this court finds after such hearing that the appellants waived their appeal on questions of law and fact by filing assignments of error, a bill of exceptions and by presenting briefs and oral arguments as an appeal on questions of law.

The appellants make four assignments of error, the first three of which will be considered together. These are that the court lacked jurisdiction over the subject matter of relocating the lodge in Cincinnati; that the court erred in holding that the lodge remains in Cincinnati and was not moved to Chillicothe; and that the court erred in finding that Hennekes was not properly removed as president.

The law is well settled in Ohio as to judicial intervention in the affairs of voluntary unincorporated associations. The law on this question is well stated in 5 Ohio Jurisprudence (2d), 440, Associations, Section 7, as follows:

"It is a well-established and uniform rule that courts of equity have no authority to interfere with the action of voluntary and unincorporated associations where no property right is involved. Furthermore, in Ohio the rule is established that a court of equity will not interfere with the conduct or management of a society until all of the remedies provided by the constitution and by laws have been exhausted. And neither will such a court interfere with the management of a society unless the officers are acting in excess of their powers, or collusion or fraud is claimed to exist on the part of the officers or a majority of the members. Moreover, a court of equity will not interpret the organic laws of a benevolent association to compel the officers of the subordinate lodges to conform thereto, as the proper tribunals of the order must administer its internal affairs."

In the case of *Boblitt* v. *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 73 Ohio App., 339, the Court of Appeals of the Third Appellate District held as follows:

"1. When the duly adopted laws of a voluntary labor organization provide for the final settlement of disputes among its members by a regularly constituted standing committee of members, its action thereunder is final and conclusive and will not be disturbed by the courts unless it was unreasonable, arbitrary, capricious or oppressive."

That case and the above syllabus were cited and quoted with approval by this court in *Gallagher* v. *Harrison*, 86 Ohio App., 73, and followed the earlier Supreme Court opinion in *International Union of Steam & Operating Engineers* v. *Owens*, 119 Ohio St., 94.

In the case of *Finley* v. *Duffy*, 88 Ohio App., 159, the court held:

14

"1. The jurisdiction of a court of equity cannot be invoked where the plaintiff is seeking injunctive relief, until it is made to appear that a property right of such plaintiff is being invaded and there is no adequate remedy at law."

The court below examined the provisions of Section 1 of Article XIII of the 1957 Subordinate Lodge Constitution. This section was revised at the 21st Consolidated Convention on May 11, 1961, and the court concluded that no provision was made in the new constitution, nor was there any provision in the old, saving existing or pending actions or prosecutions such as are found in the Revised Code of Ohio regarding criminal procedure. The trial court was in error in holding that since there was no clause to save existing or pending actions the Ohio law holding there could be no legal conviction applied to the affairs of the International and that therefore the action of the International as represented by its duly authorized trial commission was null and void.

This court is of the unanimous opinion that, in the absence of a property right and in the absence of a showing that the action taken by the International and its trial commission was fraudulent, unlawful, arbitrary, capricious or oppressive, the court had no jurisdiction over the matters it attempted to adjudicate and that, therefore, the court committed prejudicial error as to the appellants; and, since it had no jurisdiction to act, its judgment together with its finding of guilty on the charges of contempt as argued in the fourth assignment of error must be reversed and vacated and final judgment entered in favor of the defendant.

There has been filed in this court a motion by the landlord of the local asking for authority to attach the funds of the local for rent allegedly past due. We find this motion not well taken in an appeal on questions of law, and especially so since the landlord is not a party to this case.

*Judgment reversed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., of the Third Appellate District, sitting by designation in the First Appellate District.