LOUGH ET AL., APPELLEES, *v.* VARSITY BOWL, INC., ET AL., APPELLANTS.

(No. 68-178—Decided December 31, 1968.)

*Messrs. Brumbaugh, Corwin & McDonnell* and *Mr. Ronald H. McDonnell, Jr.*, for appellees.

*Messrs. Shaman, Winer, Shulman & Ziegler* and *Mr. Paul Ziegler*, for appellants.

BROWN, J. The question of law presented concerns the jurisdictional requirements for judicial review of the decision of a voluntary association involving the property rights of its members, determined under the constitution and rules of the association. As a general rule, courts will not interfere with the quasi-judicial decisions of voluntary associations unless such decisions are alleged and shown to be the result of fraud, arbitrariness, or collusion. *State, ex rel. Ohio High School Athletic Assn., v. Judges,* 173 Ohio St. 239, 247; *Boblitt* v. *Cleveland, C., C. & St. L. Ry. Co.,* 73 Ohio App. 339; *Hennekes* v. *Maupin,* 119 Ohio App. 9; 6 American Jurisprudence 2d 454, Associations and

Clubs, Section 27. None of such criteria for jurisdiction were effectively alleged by the appellees,[1] but the Court of Appeals held that the presence of property interests warranted judicial review.

We cannot find any Ohio authority on this point. The Court of Appeals relied upon statements in the encyclopedias, such as the following statement in 7 Corpus Juris Secundum 80, Associations, Section 34:

"* * * the proceedings of the association are subject to judicial review where there is fraud, oppression, or bad faith, or property or civil rights are invaded * * *."

An examination of the cases cited in support of this quotation reveals that few stand for the proposition as stated. These cases, almost without exception, include the criteria which warrant jurisdiction under the general rule, such as arbitrary action in violation of the constitution and rules of the association, or a procedural scheme which is not in accord with due process. See, for example, *Thomas* v. *Kennedy*, 387 Pa. 636, 130 A. 2d 97; *Mursener* v. *Forte*, 186 Ore. 253, 205 P. 2d 568; *Roush* v. *Hodge*, 193 Kan. 473, 394 P. 2d 101; *Lundine* v. *McKinney* (Tex. Civ. App.) 183 S. W. 2d 265. See, also, 6 American Jurisprudence 2d 454, Associations and Clubs, Sections 28, and the cases cited in support thereof.

The facts in the instant case fall within the rule, with which we agree, that where the duly adopted laws of a voluntary association provide for the final settlement of disputes among its members, by a procedure not shown to be inconsistent with due process, its action thereunder is final and conclusive and will not be reviewed by the courts in the absence of arbitrariness, fraud, or collusion. *State, ex rel.*

[1]Appellees argue that they have alleged arbitrariness in their amended reply. This reply was filed 17 days after the appellants' motion to dismiss. There is no indication that leave to file this amended reply was sought or given, nor can we find authority that such an amendment could be made as of right. We therefore consider it, at least for the purposes of this appeal, as having no curative effect.

*Ohio High School Athletic Assn.,* v. *Judges, supra; Gallagher* v. *Harrison,* 86 Ohio App. 73; *Boblitt* v. *Cleveland, C., C. & St. L. Ry. Co., supra.*

The appellees have not properly alleged any of the criteria for judicial review.[1] [2] It follows that the trial court was correct in granting appellants' motion to dismiss, and that the Court of Appeals erred in reversing the judgment of the trial court.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE and SCHNEIDER, JJ., concur.

DOYLE, J., of the Ninth Appellate District sitting for HERBERT, J.

---

[2]The appellees allege in their reply that the A.B.C. rules were not followed in that the protest was not confirmed in writing to a tournament official within 72 hours after the game in question. The trial court found that this requirement was not applicable to the type of protest involved herein. We have no way to pass upon this question, since there is no bill of exceptions to bring the necessary rules before this court.