[Cite as *Wedemeyer v. U.S.S. F.D.R. (CV-42) Reunion Assn.*, 2010-Ohio-1502.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

ALBERT WEDEMEYER,

    PLAINTIFF-APPELLANT,           CASE NO. 1-09-57

    v.

USS FDR (CV-42)
REUNION ASSOCIATION,         O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2009 0736

**Judgment Affirmed**

Date of Decision:    April 5, 2010

APPEARANCES:

    *Thomas A. Sobecki* for Appellant

    *Richard E. Siferd* for Appellee

**PRESTON, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry.

{¶2} Plaintiff-appellant, Albert Wedemeyer (hereinafter "Wedemeyer"), appeals the Allen County Court of Common Pleas' judgment granting defendant-appellant's, U.S.S. F.D.R. (CV-42) Reunion Association's (hereinafter "Reunion Association"), motion to dismiss. For the reasons set forth below, we affirm.

{¶3} On July 23, 2009, Wedemeyer, a resident of Georgia, filed a two-count complaint against the Reunion Association alleging, in pertinent part, that the Reunion Association is a non-profit unincorporated association organized for social purposes whose membership is open to all active duty, retired, and honorably discharged members of the Armed Forces who served on the U.S.S. Franklin D. Roosevelt (CV-42). (Complaint, Doc. No. 1, at ¶¶1-2). In count one Wedemeyer alleged that he was regular member of the Reunion Association until May 16, 2009 when he was expelled for life from membership due to his allegedly disruptive conduct, which conduct he denied. (Id. at ¶¶5-7). Wedemeyer alleged that he "was not provided reasonable notice and hearing with an opportunity to defend against the charges prior to his expulsion." (Id. at ¶8). Wedemeyer further alleged that the Reunion Association's treasurer's address is 7925 Bechtol Road,

Lima, Ohio 45801, and that Article I, Section 2, of the Reunion Association's constitution and by-laws provided that the Reunion Association "shall have as its address for official correspondence the address of the Secretary or of the Treasurer as designated from time to time by the Executive Board." (Id. at ¶¶3-4). In count two of the complaint, Wedemeyer alleged that, as a result of his expulsion, he has suffered severe emotional distress and humiliation, as well as special damages of $700 for hotel expenses, transportation, and meals, and over $4,600 in expenses regarding a film that was to be converted to DVD format for the benefit of the Reunion Association. (Id. at ¶¶11-12).

{¶4} With respect to count one, Wedemeyer asked the court for an order enjoining the Reunion Association from removing his name from its membership roster; ordering the Reunion Association to reinstate his membership as if he had never been removed; and further ordering the Reunion Association to desist from excluding him from membership rights. (Complaint, Doc. No. 1). With respect to count two, Wedemeyer sought compensatory damages in excess of $25,000.00. (Id.). With respect to both counts, Wedemeyer sought attorney's fees, prejudgment interest, post-judgment interest, costs, expenses, and such other relief as the court deemed just and proper. (Id.).

{¶5} On August 19, 2009, the Reunion Association filed a motion to dismiss on the basis that "the Court lacks jurisdiction over this defendant." (Doc.

No. 3). On September 3, 2009, the trial court granted the motion to dismiss. (Doc. No. 4). On September 4, 2009, Wedemeyer filed a response to the motion along with an affidavit and accompanying documents. (Doc. No. 5).

{¶6} On September 29, 2009, Wedemeyer filed an appeal from the trial court's dismissal, which was assigned appellate case no. 1-09-52. (Doc. Nos. 7, 9). On October 7, 2009, this Court determined *sua sponte* that it lacked jurisdiction for want of a final appealable order. (Doc. No. 10). On that same day, the trial court entered judgment again, this time specifically ordering that Wedemeyer's complaint be dismissed. (Doc. No. 11).

{¶7} On October 29, 2009, Wedemeyer filed this present appeal, assigned appellate case no. 1-09-57. (Doc. Nos. 13-14). Wedemeyer now appeals raising three assignments of error for our review. We have elected to address Wedemeyer's assignments of error out of the order they appear in his brief and to combine his first and second assignments of error for discussion.

### ASSIGNMENT OF ERROR NO. III

**THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN NOT CONSIDERING PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INCLUDING THE AFFIDAVIT OF ALBERT WEDEMEYER.**

{¶8} In his third assignment of error, Wedemeyer argues that the trial court erred by ruling on the Reunion Association's motion to dismiss without

considering his response. Specifically, Wedemeyer argues that his response was timely because the motion was served upon him by regular mail, and Civ.R. 6(E) provided three (3) additional days beyond Local Rule 3.03's fourteen (14)-day time limit. We disagree.

{¶9} The interpretation of a civil rule, as well as local rules promulgated pursuant to Civ.R. 83, presents a question of law, which we review de novo. Cf. *State v. South*, 162 Ohio App.3d 123, 2005-Ohio-2152, 832 N.E.2d 1222, ¶9 (de novo review of the interpretation of Crim.R. 16). De novo review is independent and without deference to the trial court's determination. *Wilson v. AC & S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, 864 N.E.2d 682, ¶61; *In re J.L.*, 176 Ohio App.3d 186, 2008-Ohio-1488, 891 N.E.2d 778, ¶33.

{¶10} Pursuant to Civ.R. 83, the Allen County Court of Common Pleas adopted Local Rule 3.03 (eff. 12/3/07), which provides, in pertinent part:

> **All motions shall be accompanied by a brief stating the grounds thereof and citing the authorities relied upon. The opposing counsel or party may file an answer brief *by the fourteenth day after the day on which the motion was filed*. Thereafter, the motion shall be deemed submitted to the judge to whom the case is assigned. * * * This rule shall apply to all motions * * * except as otherwise provided herein.**

(Emphasis added). Civ.R 6(E)[1] provides, in pertinent part:

---

[1] Civ.R. 6(E) has been commonly referred to as the "three-day mail rule," the "three day mail[ing] rule," or the "mailbox rule." See, e.g., *Pulfer v. Pulfer* (1996), 110 Ohio App.3d 90, 92, 673 N.E.2d 656; *Clemons v. Clemons*, 4th Dist. No. 03CA5, 2003-Ohio-6210, ¶5; *Frasca v. State Bd. of Chiropractic Examiners* (July 30, 1998), 10th Dist. No. 97APE10-1387, at *4.

**(E) Time: additional time after service by mail**

**Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon him and the notice or paper is served upon him by mail*, three days shall be added to the prescribed period.**

(Emphasis added).

{¶11} In *Harvey v. Hwang*, the Ohio Supreme Court decided whether Civ.R. 6(E) extended the time for filing a motion for a new trial under Civ.R. 59(B) and a motion for judgment notwithstanding the verdict under Civ.R. 50(B) beyond fourteen (14) days after the entry of judgment when the judgment entry is mailed to the parties. 103 Ohio St.3d 16, 2004-Ohio-4112, 812 N.E.2d 1275, ¶9. The Ohio Supreme Court ultimately answered this question in the negative. Id. at ¶10.

{¶12} In reaching its decision, the Court in *Harvey* first noted that the clear language of Civ.R. 50(B) and 59(B) both stated that the motions may be filed "not later than fourteen days after the entry of judgment." Id. at ¶11. The Court then noted that the language of Civ.R. 6(E) specifically referred to taking action "*within a prescribed period after service*"; whereas, Civ.R. 50(B) and 59(B) "provides parties the right to file a motion for JNOV and to serve a motion for a new trial within the prescribed period of 14 days after entry of judgment--not 'within a prescribed period after the service of a notice or other paper.'" Id. at ¶12

(emphasis in original). The Court went on to provide several examples of rules

wherein Civ.R. 6(E) would be applicable:

> **Civ.R. 12 supplies an example where Civ.R. 6(E) applies. Civ.R. 12(A)(1) provides, "The defendant shall serve his answer within twenty-eight days *after service* of the summons and complaint upon him." (Emphasis added.) Civ.R. 12(A)(2) provides that a party served with a pleading stating a cross-claim against him shall serve an answer thereto within 28 days *after the service upon him* of the pleading. Similarly, Civ.R. 15(A), governing amended pleadings, provides that a party "shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days *after service* of the amended pleading, whichever period may be the longer, unless the court otherwise orders." (Emphasis added.) See, also, Civ.R. 31(A) (providing a party the right to serve cross-questions to depositions upon written questions within 21 days "*after* the notice and written questions *are served*" [emphasis added]); Civ.R. 38(C) (allowing a party to demand a jury trial on additional issues "within fourteen days *after service* of the demand for jury trial on specified issues" [emphasis added]).**

Id. at ¶13. The Court also noted that its holding in *Harvey*—that Civ.R. 6(E) does

not extend Civ.R. 50(B) and 59(B)'s fourteen-day filing deadline—was consistent

with the greater weight of authority in Ohio, as well as its holding in *Duganitz v.*

*Ohio Adult Parole Auth.*, wherein it held that Civ.R. 6(E) does extend Civ.R.

53(E)(3)(a)'s fourteen-day filing deadline for objections to a magistrate's decision.

Id. at ¶¶16-17, citing *Martin v. Lesko* (1999), 133 Ohio App.3d 752, 756, 729

N.E.2d 839 (Civ.R. 6[E] does not extend time for filing an appeal from an

arbitration award where time runs from the date of "entry of the award");

Weissenberger's Ohio Civil Procedure 2000 Litigation Manual (1999) 63 ("Properly construed, Rule 6[E] applies only to time periods that are triggered by the *service* of a document or notice. Time periods that are triggered by acts other than a service of a document or notice are not subject to the 3-day extension"); 1 Baldwin's Ohio Practice: Klein & Darling, Civil Practice (1997) 604, Section AT 6-42 ("Rule 6[E] is limited to situations in which action is required after *service* of a notice or other paper"); *Duganitz* (2001), 92 Ohio St.3d 556, 557, 751 N.E.2d 1058.

{¶13} In *Martin v. Lesko*—favorably cited by the Ohio Supreme Court in *Harvey*, supra—the Court of Appeals for the Second District found that Civ.R. 6(E)'s three-day mail rule did not apply to Montgomery County Loc.R. 2.35(XI)(A), which provided that an appeal from an arbitration award "shall be taken * * * within twenty-one (21) days after the entry of the award * * * on the docket in the office of the Clerk of Courts." (1999), 133 Ohio App.3d 752, 755, 729 N.E.2d 839; *Harvey*, 2008-Ohio-4112, at ¶16. The trial court in that case determined that Lesko's appeal, which was filed past Loc.R. 2.35(XI)(A)'s twenty-one (21) day deadline, was untimely, and entered judgment based upon the arbitration award. *Martin*, 133 Ohio App.3d at 755. Thereafter, Lesko moved for relief from the trial court's judgment pursuant to Civ.R. 60(B)(5), arguing, in pertinent part, that his appeal was timely under Loc.R. 2.35(XI)(A) in light of

Civ.R. 6(E). Id. The trial court disagreed and denied the motion; Lesko then appealed. Id.

**{¶14}** On appeal, Lesko again argued that his notice of appeal from the arbitration award was timely under Loc.R. 2.35(XI)(A) in light of Civ.R. 6(E). Id. at 756. The appellate court, however, found that "the additional time period provided for Civ.R. 6(E) applies only to periods of time commenced by the service of a notice or paper upon the party against whom the time runs, and has no application when the time period is commenced by the filing of a document with the clerk of courts." Id., citing *Pogacsnik v. Jewett* (July 29, 1992), 9th Dist. No. 91-CA-5216; *Pulfer v. Pulfer* (3d Dist. 1996), 110 Ohio App.3d 90, 92, 673 N.E.2d 656; *Hucke v. Hucke* (Aug. 31, 1990), 2nd Dist. No. 11882. The Court of Appeals explained:

> **\* \* \* the crucial question is, what is the event that triggers the time period? Where, as in the case before us, that event is the filing of a document with the clerk of courts, it is immaterial that copies of that document, or other documents, are contemporaneously required to be served upon the parties. Where the triggering event is the service, by mail, of a paper upon a party, Civ.R. 6(E) applies; where the triggering event is the filing of a document, it does not apply.**

*Martin*, 133 Ohio App.3d at 756.

**{¶15}** A cursory reading of appellate court decisions from our sister districts might lead one to incorrectly conclude that Civ.R. 6(E) applies to Loc.R. 3.03. The Eighth, Ninth, Tenth, and Eleventh Districts have stated, often in dicta,

that Civ.R. 6(E)'s three-day mailing rule applies to the local rules of the trial courts under their respective jurisdictions. See, e.g. *Ferreri v. Plain Dealer Publishing Co.* (2001), 142 Ohio App.3d 629, 636, 756 N.E.2d 712 (Cuyahoga County Common Pleas Loc. R. 11(C)); *Barksdale v. Murtis H. Taylor Multi Services Center*, 8th Dist. No. 82540, 2003-Ohio-5653, ¶22 (same); *Zeidler v. D'Agostino*, 8th Dist. No. 85161, 2005-Ohio-2738, ¶17 (same); *Ohio Turnpike Comm. v. Zayed*, 8th Dist. No. 92980, 2009-Ohio-4203, ¶8 (Rocky River Municipal Court Rules of Practice and Procedures, R. 29); *Darulis v. City of Cuyahoga Falls* (June 23, 1993), 9th Dist. No. 15993, at *1 (Summit County Court of Common Pleas Loc.R. 7.14(A)); *Canady v. Rekau & Rekau, Inc.,* 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶12, fn. 1 (Franklin County Court of Common Pleas Loc.R. 21.01); *U.S. Bank Nat. Assn. v. Morales*, 11th Dist. No. 2009-P-0012, 2009-Ohio-5635, ¶27 (Portage Cty. Loc.R. 8.02). However, the local rules at issue in those cases, unlike Loc.R. 3.03, provided time limitations that commenced with service of notice or other papers for which Civ.R. 6(E) would be applicable. See, e.g. Franklin County Court of Common Pleas Loc. R. 21.01 ("* * * The opposing counsel or a party shall serve any answer brief on or before the 14th day *after the date of service* as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day *after the date of service* as set forth on the certificate

of service attached to the served copy of the answer brief.") (emphasis added); Portage County Court of Common Pleas Loc.R. 8.02 ("Any memorandum in opposition to the motion shall be filed and served upon the movant fourteen (14) days from the date the motion is *served*.") (emphasis added). Therefore, even assuming that the appellate courts' statements concerning the application of Civ.R. 6(E) made in those cases were precedential *and not mere dicta*, this case is, nonetheless, distinguishable from those cases as Loc.R. 3.03's time limitation commences from the date of filing.

{¶16} Similar to the provisions in *Harvey*, *Martin*, and *Pulfer*, Allen County Loc.R. 3.03's fourteen (14)-day deadline begins to run when the motion is filed, not "within a prescribed period after the service of a notice or other paper." The fact that Wedemeyer was served with the motion by ordinary mail is not dispositive. *Martin*, 133 Ohio App.3d at 756. Therefore, based upon the aforegoing, Civ.R. 6(E) does not extend Loc.R. 3.03's fourteen (14)-day filing deadline.

{¶17} The Reunion Association filed its motion to dismiss on August 19, 2009. (Doc. No. 3). Pursuant to Loc.R. 3.03, Wedemeyer had fourteen (14) days from that date (Aug. 19, 2009) to file his answer brief. Wedemeyer did not file his answer brief until September 4, 2009, which was sixteen (16) days "after the day on which the motion was filed." Loc.R. 3.03; (Doc. No. 5). As such Wedemeyer's

answer brief was untimely under Loc.R. 3.03, and Civ.R. 6(E) did not extend the filing deadline for the reasons stated above. Loc.R. 3.03 further provides that after the fourteen (14)-day filing deadline, "the motion shall be deemed submitted to the judge to whom the case is assigned"; and therefore, the trial court did not err in ruling on the motion on September 3, 2009 (15 days after the filing of the motion) without considering Wedemeyer's untimely answer brief.

{¶18} For all these reasons, Wedemeyer's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. I

**THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION TO DISMISS BY FINDING THAT THE COURT LACKED JURISDICTION OVER THE SUBJECT MATTER.**

## ASSIGNMENT OF ERROR NO. II

**THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION TO DISMISS TO THE EXTENT IT WAS RULING THAT THE COURT LACKED JURISDICTION OVER THE PERSON.**

{¶19} In his first assignment of error, Wedemeyer argues that the trial court erred by determining that it lacked subject matter jurisdiction. Specifically, Wedemeyer argues that the trial court had jurisdiction where a member of an association organized for social purposes was expelled without due process and

natural justice, which requires notice and hearing with the opportunity to defend the charges levied against such member for expulsion.

{¶20} In his second assignment of error, Wedemeyer argues that, to the extent the trial court's judgment entry is interpreted as such, the trial court erred in finding that it lacked personal jurisdiction. Wedemeyer, however, argues that the trial court's judgment entry clearly states that the basis of its decision is Civ.R. 12(B)(1), lack of subject matter jurisdiction, and not Civ.R. 12(B)(2), lack of personal jurisdiction. Even so, Wedemeyer argues that the trial court can exercise personal jurisdiction over the Reunion Association, because Article I, Section 2 of the Reunion Association's constitution and by-laws provides that it "shall have as it[s] address for official correspondence the address of the Secretary or of the treasurer as designated from time to time by the Executive Board," and the treasurer's address is in Lima, Ohio.

{¶21} The Reunion Association argues that the trial court correctly dismissed the complaint because the trial court lacked personal jurisdiction over it. Specifically, the Reunion Association contends that the trial court does not have personal jurisdiction because: the association was formed in Texas; the alleged wrongful act occurred in Florida; no address has been provided for the Secretary; no meetings have been held in Ohio, with the exception of a site-seeing reunion which toured parts of Ohio; and the only connection it has with Ohio is the

Case No. 1-09-57

fortuitous fact that its treasurer has an Ohio address. Noticeably, the Reunion Association does not argue that the trial court lacks subject matter jurisdiction.

**{¶22}** Although the trial court's judgment entry is captioned "Civ.R. 12(B)(1)" and its legal citations involve subject matter jurisdiction, the trial court stated the following when dismissing the complaint:

> **Plaintiff makes no allegation of fraud, arbitrariness, or collusion. The complaint does not contain an allegation that the cause of action arose in Ohio. The plaintiff does not allege that the association did any act in Ohio. The plaintiff resides in Georgia[,] and he does not allege that the alleged acts of defendant caused any effects in Ohio.**
> **Based on the allegations contained in the complaint and the affidavit of Theis, it is hereby ORDERED, ADJUDGED[,] and DECREED that the plaintiff's complaint fails [sic] raise a cause of action cognizable by this Court. This Court has no power to hear and decide this case on the merits.**

(Sept. 3, 2009 JE, Doc. No. 4); (Oct. 7, 2009 JE, Doc. No. 11). Based upon these statements, we find that the trial court relied upon three independent reasons for dismissing the complaint: (1) a lack of subject matter jurisdiction; (2) failure to state a claim upon which relief could be granted; and (3) a lack of personal jurisdiction. We will address each of these grounds below, combining our discussion of subject matter jurisdiction and failure to state a claim.

### A. Subject-matter Jurisdiction & Failure to State a Claim

**{¶23}** Subject-matter jurisdiction "refers to the authority that a court has to hear the particular claim brought to it and to grant the relief requested." *Valmac*

- 14 -

*Industries, Inc. v. Ecotech Machinery, Inc.* (2000), 137 Ohio App.3d 408, 412, 738 N.E.2d 873, citing *Pennoyer v. Neff* (1877), 95 U.S. 714, 24 L.Ed. 565. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, on the other hand, is procedural and tests the sufficiency of the complaint. *Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430, 922 N.E.2d 272, ¶10, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292.

**{¶24}** Under Civ.R. 12(B)(1), lack of subject-matter jurisdiction, the question of law is whether the plaintiff has alleged any cause of action for which the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414. Under Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, the court must determine whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Guess v. Wilkinson* (1997), 123 Ohio App.3d 430, 434, 704 N.E.2d 328. Unlike a Civ.R. 12(B)(6) motion, however, the court is not confined to the allegations of the complaint when determining its subject matter jurisdiction under Civ.R. 12(B)(1). *Widman*, 2009-Ohio-5430, at ¶10, citing *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985;

*Southgate Dev. Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus.

{¶25} Whether a court has subject matter jurisdiction and whether a complaint fails to state a claim upon which relief can be granted are questions of law reviewed de novo. *Burns v. Daily* (1996), 114 Ohio App.3d 693, 683 N.E.2d 1164; *RMW Ventures, L.L.C. v. Stover Family Invest., L.L.C.*, 161 Ohio App.3d 819, 2005-Ohio-3226, 832 N.E.2d 118, ¶8, citing *Hunt v. Marksman Prod.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726. As such, this court may substitute, without deference, its judgment for that of the trial court. *Castlebrook*, 78 Ohio App.3d at 346.

{¶26} In *State ex rel. Ohio High School Athletic Ass'n. v. Judges of the Court of Common Pleas of Stark Cty.* the Ohio Supreme Court stated:

> **'The decisions of any kind of voluntary society or association in disciplining suspending, or expelling members are of a quasi judicial character. In such cases the courts never interfere except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society, whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land. * * *'**

(1962), 173 Ohio St. 239, 247, 181 N.E.2d 161, quoting 4 American Jurisprudence, 472, Section 27. See, also, 6 Ohio Jurisprudence 3d Associations, Section 4, Judicial supervision or intervention. The most recent Ohio Supreme Court case addressing the jurisdiction of the courts in matters of quasi-judicial

decisions of voluntary associations is *Lough v. University Bowl, Inc.* (1968), 16 Ohio St.2d 153, 243 N.E.2d 61. The appellees in that case participated as a team and tied for first place in a bowling tournament conducted by the appellants, Varsity Bowl, Inc., Harry Zavakos, and sanctioned by the American Bowling Congress ("A.B.C."). 16 Ohio St.2d at 153. Appellees were members of A.B.C., which is a voluntary nonprofit membership association. Id. Pursuant to A.B.C. rules, each participant in the bowling tournament was required to report any previous tournament winnings of $200 or more. Id. After discovering one of the appellees did not report such winnings, appellant Zavakos disqualified the appellees from the tournament. Id.

{¶27} Appellees appealed Zavakos' decision to the executive committee of the Clark County Bowling Association pursuant to A.B.C. rules of appeal. Id. The committee conducted a hearing at which appellees were represented by counsel and afforded the right to present evidence and cross-examine witnesses. Id. at 153-54. Thereafter, a transcribed record from this hearing was sent to A.B.C., which upheld Zavakos' decision to disqualify appellees. Id. at 154.

{¶28} Thereafter, appellees filed a complaint in the Montgomery County Court of Common Pleas seeking to obtain their prize money. Id. The trial court, however, sustained a motion to dismiss, holding that it had no jurisdiction to review A.B.C.'s quasi-judicial decision since A.B.C.'s rules vested it with

exclusive and final jurisdiction over such matters. Id. Appellees appealed, and the Court of Appeals reversed finding that the property rights involved in the case distinguished it and brought the action outside the general rule that the quasi-judicial decisions of associations will not be reviewed by the courts in the absence of fraud, arbitrariness, or collusion. Id.

{¶29} Thereafter, the Ohio Supreme Court accepted the appeal to determine "the jurisdictional requirement for judicial review of the decision of a voluntary association involving property rights of its members, determined under the constitution and rules of the association." Id. The Ohio Supreme Court ultimately determined that the trial court correctly dismissed the action. Id. at 156. In reaching that conclusion, the Court in *Lough* first acknowledged the general rule that "courts will not interfere with the quasi-judicial decisions of voluntary associations unless such decisions are alleged and shown to be the result of fraud, arbitrariness, or collusion." Id. at 154, citing *State ex rel. Ohio High School Athletic Ass'n. v. Judges of Court of Common Pleas etc.*, (1962), 173 Ohio St. 239, 247, 181 N.E.2d 261; *Boblitt v. Cleveland, C.C. & St. L. Ry. Co.*, (1943), 73 Ohio App. 339, 56 N.E.2d 348; *Hennekes v. Maupin*, (1963), 119 Ohio App. 9, 192 N.E.2d 204; 6 American Jurisprudence 2d 454, Associations and Clubs, Section 27. The Court then noted that appellees had failed to allege any of these criteria to invoke the trial court's jurisdiction. Id. at 155.

{¶30} The Court of Appeals, for its part, found that the proceedings of the association were subject to judicial review because of the property rights involved in this case. Id. at 154-55. The Court of Appeals cited to the following excerpt in support of finding jurisdiction: "* * * the proceedings of the association are subject to judicial review where there is fraud, oppression, or bad faith, or property or civil rights are invaded * * *." Id. at 155. The Ohio Supreme Court, however, found that few of the cases cited in support of this rule of law actually stood for the proposition as stated. Id. Instead, "these cases, almost without exception, include the criteria which warrant jurisdiction under the general rule, such as arbitrary action in violation of the constitution and rules of the association, *or a procedural scheme which is not in accord with due process*." Id., citations omitted (emphasis added). Applying the foregoing rules to the facts of the case, the Court in *Lough* concluded that:

> **The facts in the instant case fall within the rule, with which we agree, that where the duly adopted laws of a voluntary association provide for the final settlement of disputes among its members,** *by a procedure not shown to be inconsistent with due process*, **its action thereunder is final and conclusive and will not be reviewed by the courts in the absence of arbitrariness, fraud, or collusion. State ex rel. Ohio High School Athletic Ass'n. v. Judges, supra; Gallagher v. Harrison, 86 Ohio App. 73, 88 N.E.2d 589; Boblitt v. Cleveland, C., C. & St. L. Ry. Co., supra.**
>
> **The appellees have not properly alleged any of the criteria for judicial review. It follows that the trial court was correct in granting appellants' motion to dismiss, and that the Court of Appeals erred in reversing the judgment of the trial court.**

Id. at 155-56 (emphasis added).

**{¶31}** Consistent with the Ohio Supreme Court's observation in *Lough*, without exception, the aggrieved members in those cases following the general rule of judicial restraint were afforded due process. For example, the penalized members in *State ex rel. Ohio High School Athletic Assn.* were provided with a hearing prior to the imposition of the imposed penalty and a rehearing after the penalty's imposition. 173 Ohio St. at 248. The Ohio Supreme Court in that case noted:

> **The respondents do not allege any mistake, fraud or collusion. The complaint of the respondents is that the penalty imposed by the association is too harsh. There is no allegation that it is arbitrary or any contention that it is not one provided for by the constitution and rules of the association. In fact, the uncontroverted allegations, that a hearing was held, that, following the imposition of penalty, a rehearing was granted, that everybody who wanted to be heard was heard, and that the penalty was affirmed,** *indicate that in no way was the action arbitrary.*

Id. (emphasis added). Likewise, the aggrieved members in *Paddock Hodge Co. v. Grain Dealers' Nat. Ass'n*; *Boblitt v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*; and *International Union of Steam and Operating Engineers v. Owens—* cases favorably cited by the Ohio Supreme Court in *State ex rel. Ohio High School Athletic Ass'n.—* were all afforded notice and an opportunity to be heard. (1921), 18 Ohio App. 66; (1943), 73 Ohio App. 339, 56 N.E.2d 348; (1928), 119 Ohio St.

94, 162 N.E. 386. See, also, *Gotsis v. Lorain Cty. Med. Soc.* (Oct. 16, 1974), 9th Dist. No. 2204, at *2 (aggrieved member was afforded written notice of charges, a hearing before a board of his peers; at the hearing the aggrieved member had a right to counsel, to be heard in his own defense, to present evidence, to cross-examine witnesses; aggrieved member was further afforded a right of appeal).

{¶32} On the other hand, courts *have* exercised jurisdiction in those cases where the aggrieved member(s) of a voluntary association were not afforded due process. As aptly stated by the Court of Appeals in *Bay v. Anderson Hills, Inc.*, "a member who an association seeks to expel is entitled to due process and natural justice which requires reasonable notice and hearing with the opportunity to defend the charges. Courts will intervene where a denial of same has occurred in the expulsion of a member of an association organized for social purposes." (1984), 19 Ohio App.3d 136, 137, 483 N.E.2d 491, citing *Normali v. C.A.L.U.* (1974), 39 Ohio App.2d 25, 315 N.E.2d 482; *Milkie v. Academy of Medicine* (1969), 18 Ohio App.2d 44, 246 N.E.2d 598; *Schwartz v. St. Elizabeth Roman and Greek Catholic Union* (1907), 9 Ohio C.C. (N.S.) 337, 19 Ohio C.D. 471; *Cheney v. Ketcham* (1898), 5 Ohio N.P. 139, 7 Ohio Dec. 183. The Court in *Normali v. C.A.L.U.* further explained the origins and scope of the aggrieved member's rights:

> **A member of a private association may not be expelled without due process. This right is derived not from the Constitution but rather from a theory of 'Natural Justice.' Milkie v. Academy of Medicine (1969), 18 Ohio App.2d 44, 246 N.E.2d 598. Due**

**process in this respect is comprised of three basic elements: (1) absence of bad faith, (2) compliance with the constitution and by-laws of the association, and (3) natural justice.**

39 Ohio App.2d at 28. "Natural justice" requires "that any gaps in the rules as to the procedure of the association or its tribunal should be filled by the adoption of fair methods, with a reasonable regard to the generally accepted main principles of parliamentary law." *Milkie*, 18 Ohio App.2d at 49. "Where there has been a denial of due process and natural justice, the legal status of the member has not been changed." Id. at 50. See, also, 6 Ohio Jurisprudence 3d Associations, Section 9, Expulsion of members—Requirement of due process.

**{¶33}** Based upon these aforementioned cases, we conclude that the facts of this case, as alleged in the complaint, fall outside the general rule of judicial restraint. Although Wedemeyer failed to allege fraud or collusion, as observed by the trial court, he alleged that he "was not provided reasonable notice and hearing with an opportunity to defend against the charges prior to his expulsion." (Complaint, Doc. No. 1, at ¶8). Additionally, Garry Theis, the Reunion Association's treasurer, averred in his affidavit that:

**[Wedemeyer] was voted out of the organization by a unanimous vote at our annual meeting in May, 2009, at the Crowne Plaza Hotel in Jacksonville, Florida. He was voted out because of his aberrant and alarming behavior which necessitated the hiring of a private security guard, and *on*-duty Jacksonville police officer, to keep him away. After he was voted out, his dues were refunded by letter which he did not claim at the postoffice [sic].**

(Theis Aff., Doc. No. 3, attached). Although it appears that Wedemeyer may have been in Jacksonville, Florida for the Reunion Association's May 2009 annual meeting, it does not appear that Wedemeyer had notice and an opportunity to be heard before the Reunion Association expelled him from their membership. In fact, according to Theis' affidavit, the Reunion Association hired a security guard for the very purpose of excluding Wedemeyer. (Id.). Therefore, unlike the aggrieved members in those cases where courts have declined jurisdiction, it appears from the complaint and Theis' affidavit that Wedemeyer was not afforded a procedure consistent with basic due process and natural justice prior to his expulsion. Additionally, we find that Wedemeyer's allegation that he was denied due process, *if not an independent basis for exercising jurisdiction*, sufficiently alleges that the association's act of expelling him was arbitrary, which is a ground for exercising jurisdiction. *Lough*, 16 Ohio St.2d at 155-56, citing *State ex rel. Ohio High School Athletic Ass'n.*, 173 Ohio St. at 247; *Boblitt*, 73 Ohio App. 339; *Maupin*, 119 Ohio App. 9; 6 American Jurisprudence 2d 454, Associations and Clubs, Section 27. As such, the trial court had subject matter jurisdiction over Wedemeyer's complaint and erred in finding otherwise.

{¶34} The trial court also erred in finding that Wedemeyer failed to state a claim upon which relief could be granted. A member of a voluntary association who was expelled without due process may be awarded damages for the wrongful

expulsion. *Bay*, 19 Ohio App.3d at 137. Additionally, a court proceeding in equity may compel the association to afford the aggrieved member due process rights provided in the association's constitution or bylaws, and the court may enjoin an association from excluding the wrongfully expelled member from its activities since the member's legal status was never changed by the association's wrongful expulsion. *Owens*, 119 Ohio St. at 99-100; *Milkie*, 18 Ohio App.2d at 50. As such, we cannot conclude that Wedemeyer's complaint fails to state a claim upon which relief could be granted, and the trial court erred in concluding otherwise.

{¶35} For all these reasons, we sustain Wedemeyer's first assignment of error.

### B. Personal Jurisdiction

{¶36} As an additional basis for dismissing the complaint, the trial court stated reasons that it lacked personal jurisdiction over the Reunion Association.

{¶37} Once a defendant moves to dismiss a complaint for lack of personal jurisdiction under Civ.R. 12(B)(2), the burden shifts to the plaintiff to establish jurisdiction over the nonresident defendant. *Hercules Tire & Rubber Co. v. Murphy* (1999), 133 Ohio App.3d 97, 100, 726 N.E.2d 1080, citing *Giachetti v. Holmes* (1984), 14 Ohio App.3d 306, 471 N.E.2d 165. When a court determines personal jurisdiction without an evidentiary hearing, it must "view allegations in the pleadings and documentary evidence in the light most favorable to the non-

moving party" and "resolv[e] all reasonable competing inferences" in favor of the non-moving party. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 236, 638 N.E.2d 541; *Giachetti*, 14 Ohio App.3d at 307. The plaintiff is only required to make a prima facie showing of personal jurisdiction when no evidentiary hearing is held. *Giachetti*, 14 Ohio App.3d at 307. In order to make a prima facie showing of personal jurisdiction, "the plaintiff must provide sufficient evidence to allow reasonable minds to conclude that personal jurisdiction exists over the defendant." *Parshall v. PAID, Inc.*, 10th Dist. No. 07AP-1019, 2008-Ohio-3171, ¶9, citing *Goldstein*, 70 Ohio St.3d at 236; *Giachetti*, 14 Ohio App.3d at 307. If the plaintiff demonstrates a prima facie case for personal jurisdiction, the trial court shall not dismiss the complaint before it holds an evidentiary hearing. Id. Whether personal jurisdiction exists is a question of law that we review de novo. *Joffe v. Cable Tech, Inc.*, 163 Ohio App.3d 479, 2005-Ohio-4930, 839 N.E.2d 67, ¶10.

**{¶38}** Whether an Ohio court has personal jurisdiction over a nonresident defendant, depends upon: (1) whether R.C. 2307.382(A), Ohio's long-arm statute, and Civ.R. 4.3 permit the court to assert personal jurisdiction; and, if so, (2) whether bringing the defendant within the jurisdiction of the Ohio courts would violate traditional notions of fair play and substantial justice under the Due Process Clause. *Parshall* at ¶10, citing *Goldstein*, 70 Ohio St.3d at 235, citing *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods* (1994), *Inc.*, 68

Ohio St.3d 181, 183-84, 624 N.E.2d 1048.  This two-step analysis is required because the long-arm statute does not give Ohio courts jurisdiction to the limits of the Due Process Clause. *Parshall* at ¶10, citing *Goldstein*, 70 Ohio St.3d at 238, fn. 1; *Joffe*, 2005-Ohio-4930, at ¶11; *State ex rel. Atty. Gen. v. Grand Tobacco*, 171 Ohio App.3d 551, 2007-Ohio-418, 871 N.E.2d 1255, ¶14.

**{¶39}** Ohio's long-arm statute, R.C. 2307.382, outlines specific activities that allow Ohio courts to exert personal jurisdiction over a nonresident defendant. *Parshall* at ¶11, citing *Joffe* at ¶12, citing *U.S. Sprint*, 68 Ohio St.3d at 184. Civ.R. 4.3(A), which permits out-of-state service of process on a defendant to confer personal jurisdiction is coextensive with R.C. 2307.382, and the two provisions "complement each other." *Parshall* at ¶12, citing *Joffe* at ¶12, citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477; *U.S. Sprint*, 68 Ohio St.3d at 184.  When deciding whether the defendant is within the long-arm statute's reach, the court should consider three factors:

> **(1)   the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts or consequence of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.**

Id., citing *Krutowsky v. Simonson* (1996), 109 Ohio App.3d 367, 370, 672 N.E.2d 219, quoting *Cincinnati Art Galleries v. Fatzie* (1990), 70 Ohio App.3d 696, 699, 591 N.E.2d 1336.

**{¶40}** Consistent with the Due Process Clause, a court may exercise two different types of personal jurisdiction over a nonresident defendant: specific or general. *Parshall* at ¶23, citing *Helicopteros Nacionales de Colombia v. Hall* (1984), 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404. "Specific jurisdiction exists when a plaintiff's cause of action is related to, or arises out of, the defendant's contact with the forum state." Id. "Conversely, general jurisdiction exists when a court exercises personal jurisdiction over a defendant in a cause of action that does not arise out of or relate to the defendant's contacts with the forum state." *Parshall* at ¶23, citing *Joffe* at ¶27.

**{¶41}** Specific jurisdiction depends on the "'relationship among the defendant, the forum, and the litigation,'" which requires that the court determine whether the defendant has "purposefully established minimum contacts within the forum State" and whether "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Parshall* at ¶24, citing *Helicopteros*, 466 U.S. at 414, quoting *Shaffer v. Heitner* (1977), 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683; *Burger King Corp. v. Redzewicz* (1985), 471 U.S. 462, 472, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528. " 'Minimum contacts' has been defined as conduct

which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state." *Hercules Tire & Rubber Co.*, 133 Ohio App.3d at 101, citing *McGee v. Internatl. Life Ins. Co.* (1957), 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223; *Travelers Health Assn. v. Virginia* (1950), 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154; *Burger King*, 471 U.S. at 476.

{¶42} If the court determines that the defendant has the necessary minimum contacts within the forum state for specific jurisdiction, the court must then determine whether asserting personal jurisdiction over the defendant would "offend 'traditional notions of fair play and substantial justice.'" *Parshall* at ¶25, quoting *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95, quoting *Milliken v. Meyer* (1940), 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278. The court must evaluate "'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" Id., quoting *Burger King*, 471 U.S. at 477, quoting *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. at 286, 292, 100 S.Ct. 559, 62 L.Ed. 2d 490.

**{¶43}** In order for a court to exercise general jurisdiction over a nonresident defendant, the defendant must have "continuous and systematic" contacts with the forum state. *Parshall* at ¶27, citing *Helicopteros*, 466 U.S. at 416. General jurisdiction requires that the defendant have "'a greater amount of contacts'" than specific jurisdiction. Id., citing *Joffe* at ¶37, quoting *Charlesworth v. Marco Mfg. Co.* (N.D.Ind.1995), 878 F.Supp. 1196. General jurisdiction requires contacts with the forum state that are "'so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Joffe* at ¶37, citing *Gallert v. Courtaulds Packaging Co., Inc.* (S.D. Ind. 1998), 4 F.Supp.2d 825, 831, quoting *Internatl. Shoe*, 326 U.S. at 318.

**{¶44}** As an initial matter, this Court is limited to reviewing the allegations in Wedemeyer's complaint and Treasurer Theis' affidavit submitted in support of the Reunion Association's motion to dismiss since we determined that Wedemeyer's answer brief (with his attached affidavit and other documents) was untimely filed with the trial court, and as such, was not considered by the trial court. (Doc. Nos. 1, 3); See, e.g., *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, 874 N.E.2d 1243, ¶18 ("'Despite the fact that appellate courts review summary judgment decisions de novo, '[t]he parties are not given a second chance to raise arguments that they should have raised below.'" As such, an appellate

court must limit its review of a summary judgment to that which was on record before the trial court.).

{¶45} This Court must also reject Wedemeyer's argument on appeal that the Reunion Association is an Ohio resident for jurisdictional purposes, because its treasurer's address is in Ohio and the Reunion Association's constitution and by-laws provide that, as designated from time to time by the executive board, the association "shall have as its address for official correspondence the address of the Secretary or of the Treasurer." To begin with, Wedemeyer failed to raise this argument below by failing to timely file his answer brief, and, even if it were timely, Wedemeyer did not raise this issue in his answer brief. (Doc. No. 4). Although Wedemeyer argued that the Reunion Association had a "substantial presence in Ohio," he never argued that the association was a resident of Ohio for jurisdictional purposes as he now argues. (Id.); (Appellant's Brief at 6). As such, we find that Wedemeyer has waived this argument on appeal. Finally, Wedemeyer fails to provide this Court with any law upon which his argument is based as required by App.R. 16(A)(7). On the other hand, Treasurer Theis' affidavit states, in pertinent part, that the Reunion association: has approximately 1,000 members who live all across the United States; was organized in Corpus Christi, Texas but never formally chartered; erected a monument in Jacksonville, Florida; never held any meetings in Ohio; and meetings planned for the future

would not be in Ohio. (Theis' Aff., Doc. No. 3, attached). Theis further averred that he was the only association officer living in Ohio, and that Wedemeyer was voted out of the association at its annual meeting in Jacksonville, Florida. (Id.). On the basis of this record, we will treat the Reunion Association as a nonresident defendant for jurisdictional purposes.

{¶46} Viewing the allegations made in Wedemeyer's complaint in his favor, we conclude that he has failed to make a prima facie showing of personal jurisdiction such that reasonable minds would conclude that personal jurisdiction exists over the Reunion Association. *Goldstein*, 70 Ohio St.3d at 236; *Giachetti*, 14 Ohio App.3d at 307. As the trial court noted, the complaint fails to allege that any cause of action arose in Ohio, that the association did any act in Ohio, or that the association's acts caused any effects in Ohio. (Complaint, Doc. No. 1). The complaint fails to state any ground for which the trial court could exercise jurisdiction pursuant to the long-arm statute, R.C. 2307.382, or Civ.R. 4.3. (Id.). Therefore, personal jurisdiction cannot be exercised on that basis.

{¶47} Next, we must decide whether the trial court could exercise jurisdiction over the Reunion Association beyond that provided in the long-arm statute or Civ.R. 4.3 consistent with the Due Process Clause. *Parshall* at ¶10, citing *Goldstein*, 70 Ohio St.3d at 238, fn. 1; *Joffe*, 2005-Ohio-4930, at ¶11; *Grand Tobacco*, 2007-Ohio-418, at ¶14. (Further inquiry is required because the

long-arm statute does not give Ohio courts jurisdiction to the limits of the Due Process Clause.). We find that the trial court could not exercise specific personal jurisdiction over the Reunion Association. To begin with, the complaint does not allege any "action [that] is related to, or arises out of, the defendant's contact with the forum state," for which the trial court could not have exercised specific jurisdiction over the Reunion Association. *Parshall* at ¶23, citing *Helicopteros*, 466 U.S. at 414. Furthermore, a court may exercise specific jurisdiction only when the defendant has purposefully established minimum contacts with the forum state. *Parshall* at ¶24, citing *Helicopteros*, 466 U.S. at 414, quoting *Shaffer*, 433 U.S. at 204; *Burger King*, 471 U.S. at 472. Minimum contacts require "conduct which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state." *Hercules Tire & Rubber Co.*, 133 Ohio App.3d at 101, citing *McGee*, 355 U.S. at 223; *Travelers Health Assn.*, 339 U.S. at 648; *Burger King*, 471 U.S. at 476. The *only* connection the Reunion Association has with Ohio discernable from the complaint and Theis' affidavit is that its treasurer resides here. Although the complaint states that the Reunion Association's constitution and by-laws provides that the association "shall have as its address for official correspondence the address of the Secretary or of the Treasurer as designated from time to time by the Executive Board," the complaint

does not state that the Executive Board, in fact, designated the Treasurer's address for such purposes. (Complaint, Doc. No. 1, at ¶3). Even assuming the executive board designated the treasurer's address as the association's address, that fact, *in and of itself*, is not a "substantial connection" with Ohio such that we could conclude in this case that the association had minimum contacts with Ohio.

**{¶48}** Additionally, asserting specific personal jurisdiction over the Reunion Association offends traditional notions of fair play and substantial justice. *Internatl. Shoe Co.*, 326 U.S. at 320, quoting *Milliken*, 311 U.S. at 463; *Burger King*, 471 U.S. at 477, quoting *World-Wide Volkswagen*, 444 U.S. at 292. The burden on the association to defend the action would be great; Ohio's interest is minimal as the cause of action accrued in Florida and does not involve an Ohio resident; the plaintiff's interest in obtaining convenient and effective relief is not furthered by asserting personal jurisdiction over the defendant *in Ohio*; and asserting personal jurisdiction in Ohio does not further the shared interest of the several states in accomplishing justice or the most efficient resolution of controversies. See id. Therefore, the trial court could not exercise specific personal jurisdiction over the Reunion Association consistent with the Due Process Clause. Furthermore, the trial court could not exercise general personal jurisdiction over the Reunion Association since general personal jurisdiction requires that the defendant have "a greater amount of contacts" than specific

jurisdiction. *Joffe* at ¶37, quoting *Charlesworth v. Marco Mfg. Co.* (N.D.Ind.1995), 878 F.Supp. 1196.

{¶49} For all the aforementioned reasons, the trial court did not err by dismissing the complaint for lack of personal jurisdiction. Wedemeyer's second assignment of error is, therefore, overruled.

### C.    Conclusion

{¶50} Since the trial court had subject matter jurisdiction, and the complaint stated a claim upon which relief could be made, we sustain Wedemeyer's first assignment of error. However, "[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant." *Widman*, 2009-Ohio-5430, at ¶16, citations omitted. Wedemeyer has suffered no prejudice from the trial court's erroneous legal conclusions with respect to assignment of error one, because the trial court properly dismissed the complaint for lack of personal jurisdiction.

{¶51} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and SHAW, J.J., concur.**

**/jlr**

Case No. 1-09-57